(z.) The reference and tender as to the voluminous levy and marshal's deed was a substantial compliance with the fourth rule in equity. The case should not have been disposed of on demurrer until the excuse of the complaint for failing to exhibit this paper had been passed upon and adjudged insufficient, and an opportunity given for supplying it. 71 *Ga.*, 296.

3. There was no misjoinder of parties or causes of action; the defendants were joint wrong-doers; each one of them contributed to the wrong complained of; and it did not follow, even if the objection had been well founded, that the relief prayed should not be given against such of them as were properly joined.

4. It being alleged that, after the temporary restraining order had been granted, and pending the application for injunction, the tenant in possession had vacated the premises and another had taken charge, an amendment, making him a party defendant, should have been allowed.

5. There was jurisdiction of this bill in the county where the land lay on which the trespass was being committed.

(a.) In such a case, the participants are, in the eyes of the law, all principals, and the relief prayed against each and all is substantial.

Judgment reversed.

April 15, 1834

HALL, Justice.

---

DOBBINS vs. MAYOR, ETC., OF CARTERSVILLE *et al.*

The ordinances of the city of Cartersville authorized the mayor to appoint assessors to value real estate, and required the assessment of a tax of one-fourth of one per cent on the valuation of all property liable for taxation in the city. A receiver of tax returns was also appointed by ordinance, and all persons were required to give in and return their property with the valuation thereof by a certain time annually. The mayor appointed assessors, who assessed the real estate and made a return thereof. A property owner failed to give in and return his property for taxation. The receiver ascertained from the books of the county tax receiver the amount and value of his personal property, entered this upon the city books, and from this and the return of the assessors of real estate the value of his property was ascertained, and a tax of one-fourth of one per cent was levied thereon:

*Held*, that the chancellor was right in refusing to enjoin the collection of such tax.

(a.) The fact that there was no record of the appointment of the as-

138    SUPREME COURT OF GEORGIA.

Shelton *et al. vs.* Ellis *et al.;* Watson *vs.* Myers; Johnson *vs.* Renfroe & McCrary.

sessors by the mayor would not render such appointment void or invalidate their assessments of the value of real estate.
Judgment affirmed.

April 8, 1884.

BLANDFORD, Justice.

---

### SHELTON *et al. vs.* ELLIS *et al.*

This is, in every essential particular, the same case that was before the court, at February term, 1883, upon a writ of error brought to reverse the order for an injunction and receiver. The decision then rendered covers every question raised on the final trial, and is *res adjudicata* as to the points of law then in controversy between the parties. The charge of the presiding judge was substantially, if not literally, in accordance with our decision. The verdict of the jury is sustained by the evidence, and there was no error in refusing to set it aside and grant a new trial.

April 25, 1884. (Head-note by the court.)

HALL, Justice.

---

### WATSON *vs.* MYERS.

Delivery of a deed, executed in behalf of an infant for the consideration of five dollars, and love and affection for the infant, to a witness of the deed, for the benefit of the infant, is delivery to the infant. Its effect is to part with dominion over the land in the grantor, and to convey title to the infant, and on his majority, he may recover thereon.

Judgment affirmed.

April 8, 1884. (Head-note by the court.)

JACKSON, Chief Justice.

---

### JOHNSON *vs.* RENFROE & McCRARY.

1. Where no exception is made to the charge or other ruling of the court on the trial, and the motion for a new trial is grounded alone on the position that the verdict is contrary to the evidence and the law of the case and charge of the court, and the law was fairly presented to the jury, and they have passed on the facts, the stat-