## BRAND v. TOWN OF LAWRENCEVILLE.

1. Although when it is in legislative contemplation to authorize a municipal corporation, under paragraph 1, section 4, article 8 of the constitution (Civil Code, § 5909), to establish and maintain public schools by local taxation, and also, under paragraph 1 of section 7, article 7 of the constitution (Civil Code, § 5893), to authorize such corporation to incur a debt by issuing bonds for the purpose of purchasing school property and building schoolhouses, it might be better and more appropriate to provide for separate elections as to these matters, they may be submitted to the

qualified voters of the town or city at one and the same election, if the act passed for this purpose be so framed as to accomplish this end.

2. When an act entitled " an act to establish a system of public schools in [a designated town] and to provide for the support and maintenance of the same, to provide for the issuing of bonds of said town for the purchasing school property, building schoolhouses, and for other purposes, after submitting the same to the qualified voters," etc., contains enactments of the nature indicated by its title, declares, in effect, that it shall not be of force until ratified by the voters of the town, provides for an election for this purpose, at which the ballots shall have written or printed upon them the words, "for bonds" or "against bonds," and declares that if two thirds of the qualified voters thereof vote " for bonds," " then and from thenceforward this act becomes of full force and effect": *Held*, that the result of such a two-thirds vote is to put the entire act in force and, as a consequence, authorize the municipal authorities to issue bonds as therein provided, it further appearing from the terms of the act that the method therein prescribed of determining whether or not two thirds of the qualified voters of the town so voted is, in substance, the same as that prescribed in section 380 of the Political Code, it not appearing that any provision in the charter of the town requires a registration of the voters thereof for such an election.

3. An act of the nature above indicated is not unconstitutional as referring to more than one subject-matter.

4. Though the notice of the election provided for by such an act may not in the clearest and most unequivocal terms have submitted to the qualified voters the question of adopting the act itself, yet where the terms of the notice were such as to show that this question was necessarily to be passed upon in the election, the failure to use more explicit language in this respect (the notice as to all other matters being sufficient) will, after the election has taken place and after the bonds, in pursuance of its result, have been issued and sold and their proceeds applied as required by the act, be treated as a mere irregularity not invalidating the bonds, and one of which it is too late for a taxpayer who participated in the election and who had knowledge of all the facts to complain. See *Irvin* v. *Gregory*, 86 *Ga.* 605.

5. The validity of such bonds is not affected by the fact that the system of schools contemplated by the act had not been formally established before the bonds were issued and sold.

6. The tax complained of by the plaintiff in error was properly assessed, the execution therefor was lawfully issued, and there was no error in refusing to restrain its progress by granting an injunction.

Argued February 10, — Decided July 22, 1898.

Petition for injunction. Before Judge Hutchins. Gwinnett county. September 18, 1897.

On March 2, 1897, E. M. Brand brought his petition against the mayor and council of Lawrenceville, and the marshal of

the town, to enjoin the collection of an execution against him for taxes in favor of the town, and the collection of any taxes from him for the purpose of paying the principal or interest on certain bonds issued by the town authorities. The court refused an injunction, and the petitioner excepted.

The petition alleged in substance: (1–6) On March 2, 1894, the town authorities ordered an election to be held on Saturday, April 7, 1894, "upon the question of issuing bonds in the sum of $5,000, for the purpose of purchasing school property, building schoolhouses, and for other purposes," as provided by an act of the legislature approved December 15, 1893 (Acts 1893, p. 428), and at the same time ordered the publication of the notice hereafter set out. An election was held as provided by the resolution, and the town subsequently declared the election to be "for bonds," and thereupon ordered that bonds to the extent of $5,000 be issued for the purposes set forth in said act. Petitioner was then and is now a resident and citizen of the town, and in the election voted "against bonds," and he has never acquiesced in, nor in any way ratified, the action of the town authorities in the issuance of the bonds. Though bonds were issued and the people taxed to meet principal and interest in the years 1895, 1896 and 1897, he has never knowingly paid taxes toward discharging the indebtedness, and he refused to pay the taxes assessed for the years 1895 and 1896, and his sons, without his knowledge or consent, paid the executions against him for what the town claimed he owed on the bonded indebtedness for those years. The execution the collection of which he is seeking to enjoin purports to be for taxes due on his property in the town for the year 1896, and has been levied on certain property belonging to him in the town, and the property has been advertised for sale on the first Tuesday in March, 1897. (7) The execution is proceeding against him illegally, because the town authorities undertook to assess his property in a manner not prescribed by law. He gave in his taxes on blanks furnished by the town, showing the property he had in the town subject to taxes; but the town disregarded his sworn statement, and from the books of the tax-receiver of the county made up such an amount as they saw proper, fixing the

amount at $45,650; and upon this amount figured his taxes for the year 1896, which aggregated the amount of said execution, $118.69. This was not a compliance with the law of the town, as the assessment was not made by three disinterested persons, as required by law and ordinance in reference to the assessment of property of the citizens of the town. (8) The execution is proceeding against him illegally, upon the additional ground that the town authorities, of their own motion, assessed property belonging to him which is not in the town. Section 5 of said act establishing a system of public schools in the town confines the levying of the taxes for such purposes to property in the town; and outside of a small amount of household and kitchen furniture, an iron safe and a horse and buggy, he owns only two other pieces of property in the town; the house and lot levied upon, of the value of $200, and an unimproved lot of the value of $150. A reasonable estimate of the value of all the personal property which he owns in the town is about $500. (10) The whole scheme of the establishment of the public-school system in the town is illegal and void, and the town authorities therefore can not legally issue any execution for taxes to discharge said bonded indebtedness, for the following reasons: In the 14th paragraph of the act establishing the system of public schools for the town, it is provided that the test to ascertain whether or not two thirds of the qualified voters of the town have voted for bonds is the election of the mayor and council last preceding the adoption of the act. The question of election for bonds or against bonds was not legally submitted to a vote of the qualified voters of the town. The act having been approved December 15, 1893, under its provisions the election for mayor and council on the first Monday in January, 1893, was the test to determine the number of qualified voters in the town. This is contrary to the constitution and laws of the State. It was necessary, before the act could go into effect, that it should be submitted to a vote of the qualified voters of the town, and approved by a two-thirds vote of the persons qualified to vote at the election. No legal means are provided in the act of ascertaining who the qualified voters are, and how many of them are in the town; and until this is

ascertained in a legal way the law could not go into effect. The only means provided by law for ascertaining this is registration, and the act does not make provision for any registration at all, and in fact there was no registration provided for by the town authorities, nor any other way, than the one set forth in said 14th section of the act, of ascertaining who and how many were the qualified voters. (12) The election, the issuance of the bonds, and the levy and collection of taxes to discharge the same, and the whole scheme of this public-school system are illegal and void, because the notice of election is not in accordance with the constitution and law of the State in regard thereto, in that it fails to show how much annual tax is to be collected. The town, at or before incurring the bonded indebtedness, did not in a legal way provide for the assessment and collection of the annual tax sufficient in amount to pay the principal and interest of said indebtedness as prescribed by law. No ordinance was passed, and no notice given, stating what amount of annual taxes should be assessed and collected for this purpose; and for this reason said tax can not be collected from petitioner.

The notice of election, as set out in the petition, was as follows: "Notice of Election. To the qualified voters of the town of Lawrenceville: By authority of an act of the General Assembly of Georgia, approved December 15, 1893, entitled, 'An act to establish a system of public schools in the town of Lawrenceville, Georgia, and to provide for issuing of bonds of said town for the purchasing school property, building schoolhouses, and for other purposes, after submitting the same to the qualified voters of Lawrenceville,' an election is hereby ordered to be held at the court-house in said town on Saturday, 7th day of April, 1894, by the qualified voters thereof, for the purpose of determining whether the mayor and council of said town shall issue bonds of the Town of Lawrenceville for the purpose set forth in said act, said bonds to be issued for the aggregate sum of $5,000, each bond to be for the principal sum of $100, and to bear interest at 7 per cent. per annum, payable annually on the first day of December of each year, said bonds to be issued in denominations of $100, each numbered from one to fifty inclu-

sive, to which shall be attached coupons representing the annual interest thereon, the said bonds, within thirty years after the issuance thereof, to mature and be paid off as follows, to wit:" (Here follow the numbers and dates of maturity of the coupons.)

By amendment the petitioner alleged that the attempt on the part of the town to collect the tax against him for the purpose of discharging said bonded indebtedness was illegal for the following reasons: The town of Lawrenceville has not complied with the law requiring towns in this State annually to make up and have entered upon their journals an accurate estimate of all sums which were lawfully chargeable on said town; that is to say, the town of Lawrenceville, for and during the year 1896, did not by its council make or cause to be made and entered upon its journal an accurate estimate of all sums which were lawfully chargeable against said town and which ought to have been paid for and within the year 1896. Defendant has not complied with the constitution as to the establishment and maintenance of the public schools referred to in said act; that is to say, the act has never been submitted to a vote of the qualified voters of the town and approved by a two-thirds vote of persons qualified to vote at such election, as required by the constitution of the State: therefore the mayor and council have no authority to incur the indebtedness for issuing bonds for the purposes of the act. The act has never been ratified as provided by the constitution. An election was held on the question of the issuance of bonds or no bonds, but no election was ever ordered or had, submitting the question of the establishment and maintenance of public schools to the qualified voters of the town, and therefore no public-school system has ever been established in the town. No election for both these questions to be decided together could be legally held; and if the act provides for deciding both at one election, it is invalid. If it applied to the establishment of public schools, then no election has been held on the question of the issuance of bonds; and if it applied to the latter, then no public school has been established. The act is unconstitutional as it includes two distinct subject-matters; that is to say, if the act was intended to authorize an election for both the schools and the bonds, and the

provision for a vote on bonds or no bonds was intended to submit the ratification of the entire act, it is unconstitutional in attempting to provide for two different subject-matters, in that it seeks by one act and by one vote to escape the inhibitions or come within the exceptions of two distinct constitutional provisions, viz., one requiring the question of the establishment and maintenance of public schools to be submitted to a vote of the qualified voters of the town, as provided by section 5909 of the Civil Code, and the other requiring the question of the issuance of bonds or the incurring of indebtedness to be submitted to a vote of the people at an election held for that purpose, as required by section 5893 of the Civil Code. It is the intention of the town to continue to exact taxes year by year for said schools, and for payment of principal and interest of bonds; and petitioner therefore prays, in addition to the relief already sought, a perpetual injunction against any future levy and collection of taxes for that purpose against him.

The defendants answered admitting the allegations contained in paragraphs 1 to 6 of the petition, inclusive, but averred that the petition set forth only partially the notice of election published by the mayor and council, the notice as published containing the following additional language: "It is further ordered that, in order to discharge said $5,000 for bonds as aforesaid, within thirty years from the date of incurring said bonded indebtedness, that there be assessed and collected from the taxable property in said town, by said Town of Lawrenceville, the first ten years $50 per annum on the 1st of December of each year, beginning with the 1st day of December, 1894, and ending December 1st, 1903. For the next ten years thereafter $100 per annum, beginning with December 1st, 1904, and ending December 1st, 1913. For the last ten years of said thirty, $350 per annum, beginning with December 1st, 1914, and ending with December 1st, 1923, at which time the said principal and interest shall be fully paid off. It is further ordered that said principal and interest is and shall be made payable at the office of the treasury of said town. It is further ordered that all persons voting at said election who are in favor of establishing such public-school system in said town and for the issuance

of said bonds by the mayor and council thereof, shall have written or printed on their tickets the words, ' For Bonds,' and those who are opposed thereto shall have written or printed on their tickets the words, ' Against Bonds.' It is further ordered that said election be advertised in the Gwinnett Herald, a newspaper printed in said town, and in which the sheriff's advertisements are published, for at least thirty days immediately preceding said election." Signed by the mayor and councilmen.

The remaining paragraphs of the petition are denied. It is averred that the complainant did not give in his taxes for the year 1896, and has refused to do so; and the mayor and council were therefore forced to exercise the right of assessment given them by law and ordinance, and the only other means of arriving at the property of plaintiff subject to taxation within the town, than the method pointed out by law, was by reference to the State and county tax digests for the year 1896; from which it appeared that plaintiff gave in for taxation for the year 1896 the following property which is subject to taxation by the town of Lawrenceville: Town property, $350; household and kitchen furniture, $200; horse and buggy, one cow, $100; money, notes, and accounts, $45,000. Total, $45,650. The mayor and council acted in accordance and strict compliance with the act referred to, and the statute in such cases made and provided; and it having been made to appear that two thirds of the qualified voters of the town, as determined from the list of voters voting at the preceding (January, 1893) election for mayor and council of the town, voted for bonds, the votes for bonds being 103, and against bonds 14, the act of 1893 for the establishment of a system of public schools for the town became effective. There is nothing in the act establishing said system of schools, or any ordinance of the town, prescribing registration as the mode of determining who are qualified voters. Under the scheme of said act and of the town ordinance passed in pursuance thereof, for the first ten years there should be collected annually by assessment $50, for the purpose of discharging the principal instalments of the bonds, though during the first ten years they are not required to pay a part of the principal each year, but only every two or alternate years, but the

same has been collected, and is now collected, annually, and set aside as a sinking-fund. For the remaining twenty years a principal instalment is due and payable annually. The mayor and council followed strictly the provisions of the general law and of said act, and their action has been matter of public notoriety, and each step taken has appeared in said notice and the official proceedings of the council, and it was known and understood by all the citizens of the town that the mayor and council would issue bonds for the purposes stated in the notice. With full notice of this, plaintiff should not now be heard to object to the assessment and collection of taxes from his property subject thereto, after said bonds have been issued and are in the hands of purchasers, and school property purchased and every other thing done towards the establishment and maintenance of said system of public schools for the space of three years, and the taxes of plaintiff previously paid, and applied to the payment of principal and interest on the bonded indebtedness. It is denied that the requirements of the general law in reference to the incorporation of towns and villages is applicable to the Town of Lawrenceville. It is denied that the mayor and council undertook to issue bonds for the purpose of establishing and maintaining a system of public schools; and it is contended that the law contained in section 5909 of the Civil Code is therefore not applicable. Defendants allege that the bonds were issued in accordance with the published notice required by the act under consideration, "to provide for the issuing of bonds of said town, for the purchasing of school property, building schoolhouses, and for other purposes," and that the mayor and council proceeded, in reference to the issuance of the bonds, in accordance with the law contained in sections 5893 and 5894 of the Civil Code. No system of public schools has ever been established in Lawrenceville which it is undertaken to maintain by local taxation, and no tax has been levied for such purpose. The remaining allegations of the plaintiff, except as to the intention of the mayor and council to continue to exact taxes for the payment of principal and interest on the bonded indebtedness, are denied.

The evidence submitted at the hearing, in addition to the

pleadings, consisted of two affidavits, one relating to matters which by amendment were stricken from the petition; and the other an affidavit of the clerk of the town council, to the effect that plaintiff did not give in any property for taxation to the authorities of the town for the year 1896, but his son handed to the clerk of council, on blanks furnished by the town for the purpose, a list of property belonging to plaintiff within the town, which the mayor and council saw fit to reject, and went to the State and county tax digest, and assessed, by legal assessors for that purpose, the property therein shown for taxation within the town for that year.

*C. H. Brand* and *H. H. Perry*, for plaintiff.
*N. L. Hutchins Jr.*, for defendant.

FISH, J. The facts are stated in the official report.

1. It was evidently the legislative intention in the act of 1893 (Acts of 1893, p. 428) to submit to the qualified voters of the Town of Lawrenceville, at one and the same election, the two propositions, viz.: (1) whether or not such town should establish and maintain public schools by local taxation, and, (2) whether or not it should incur a debt by issuing bonds for the purpose of purchasing school property and building school-houses. While it might be better and more appropriate to provide for separate elections as to these matters, we know of no reason in law why they can not be voted upon and determined at one and the same election, if the act passed for the purpose be so framed as to accomplish this end; the constitution requiring a two-thirds vote of the qualified voters of a municipality, alike, to establish and maintain public schools by local taxation, and to incur an indebtedness and issue bonds therefor. Civil Code, §§ 5893, 5909.

2. After making proper provisions for effectuating the scheme, the act declares that an election shall be held annually in the Town of Lawrenceville until the provisions of the act are adopted, and further declares that all persons voting at such election shall have written or printed on their ballots "for bonds" or "against bonds"; and if it shall appear that two thirds of the qualified voters of the town have voted "for bonds,"

BRAND *v.* TOWN OF LAWRENCEVILLE.     (104

then and from thenceforward *the act* shall become of full force and effect. There being no provision in the charter of the town, nor in any amendment to the charter, so far as we have been able to find, requiring a registration of the voters of the town for such an election, and the terms of the act of 1893 declaring that, for the purposes of the election therein provided for, the number of voters in the town shall be determined from the last preceding election for mayor and council, being substantially the same as prescribed in section 380 of the Political Code, providing that, in determining whether two thirds of the qualified voters in a municipality voted in favor of the issuance of bonds, the tally-sheets of the last general election held in such municipality shall be taken as a correct enumeration of the qualified voters thereof, we are clearly of the opinion that when two thirds of the qualified voters of the town voted "for bonds," the result was to put the entire act in force, and, as a consequence, authorized the municipal authorities to issue bonds as the act provided.

3. The act is not unconstitutional as referring to more than one subject-matter. The subject-matter of the act is the establishment of a system of public schools in the Town of Lawrenceville. And we think that the provisions in the act for the maintenance and support of the schools by local taxation, and for the issuance of bonds for purchasing school property and building schoolhouses, and for submitting both of these propositions to the qualified voters of the town in one and the same election, are means or instrumentalities to accomplish the one great object of the act, and do not constitute different subject-matters. *Hope* v. *Mayor of Gainesville,* 72 *Ga.* 246. To require every end and means necessary or convenient to effectuate the general purpose of the act to be provided for by a separate statute relating to that alone, would not only be unreasonable, but would actually render legislation impossible. *McCommons* v. *English,* 100 *Ga.* 653; Cooley's Const. Lim. 172.

4, 5. The fourth and fifth headnotes need no further elaboration.

6. Petitioner resided in Lawrenceville, and his money, notes and accounts were taxable by the town. *City Council of Au-*

*gusta* v. *Dunbar*, 50 *Ga.* 387; *Wright* v. *Southwestern Railroad Co.*, 64 *Ga.* 799; *Trustees of Academy of Richmond Co.* v. *City Council of Augusta*, 90 *Ga.* 648.　If a taxpayer failed to return his property for taxation, as required by the ordinances of the town, the digest of the county tax-receiver might be examined to ascertain the amount and value of the property such defaulter owned subject to taxation by the town. *Dobbins* v. *Cartersville*, 73 *Ga.* 137.　The mayor and council of Lawrenceville had authority to levy taxes (Acts of 1823, Dawson's Comp. p. 445; Acts of 1883, p. 429), and to issue executions to enforce payment of the same (Dawson's Comp. p. 446).

There was no error in refusing to grant the injunction.

*Judgment affirmed.　All the Justices concurring.*