## 20153. SPALDING COUNTY *et al. v.* WALKER.

Decided March 4, 1930.

See *Ogletree* v. *Spalding County School Dist.,* post, 276.

*Cleveland & Goodrich, E. M. Owen, solicitor-general,* for plaintiffs.

Luke, J. The solicitor-general of the Griffin judicial circuit filed a petition in the name of the State of Georgia against Spalding County to validate $125,000 worth of bonds proposed to be issued under the provisions of section 145 of the act of 1919 (Ga. L. 1919, p. 347) as amended by the act of 1921 (Ga. L. 1921, p. 221, Michie's Code (1926), § 1551 (157)), for the purpose of securing funds with which "to purchase sites and build and equip schoolhouses in and for said county of Spalding, except that part embraced within the corporate limits of the City of Griffin."

Service of said petition was acknowledged by the board of commissioners of roads and revenues of Spalding county, and by the board of education of Spalding County. "Spalding County, by its proper officers, viz. the board of commissioners of roads and revenues of said county, and the board of education of said county," answered the petition by admitting the averments of each paragraph thereof and affirming that the facts alleged therein were true. J. Mitchell Walker filed his caveat to the validation proceedings, and the judge of the superior court sustained the caveat and refused to validate the bonds. The exception here is to this judgment.

The petition was drawn so as to follow closely the acts cited above, and the allegations of the petition were supported by evidence. The pleadings raise two important questions: (1) Should the validation proceedings have been brought against the county? (2) Would the issuance of the bonds violate the provisions of

paragraph 1, section 7, article 7, of the constitution of Georgia, limiting the debt of any county, municipal corporation or political division of this State to seven per centum of the assessed value of all the taxable property therein?

It appears from the record that the provisions of the act of 1911 (Ga. L. 1911, p. 497), consolidating the various school districts of Spalding County as laid off by law, and making "the entire county (exclusive of the City of Griffin) . . the unit of taxation for school purposes," were duly adopted in that county. Under the act of 1919, supra, the tax levied to retire the bonds is levied only upon the property within the affected area, to wit, that part of the county outside of the corporate limits of the City of Griffin: "this to be in addition to the general tax for the maintenance of the schools of said territory." Our conclusion is that the proceeding to validate the said bonds was improperly brought against the County of Spalding, and that for that reason the judge of the superior court properly sustained the caveat and properly refused to validate the bonds. This conclusion being controlling, the second question raised by the record will not be determined.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*