SAVANNAH BEACH, TYBEE ISLAND, *et al. v.* LYNES *et al.*

No. 15307. NOVEMBER 15, 1945.

*A. Leopold Alexander,* for plaintiffs in error.

*Stephens & Gignilliat,* contra.

WYATT, Justice. ■ We deal first with the only special ground

of demurrer necessary to be decided, raising the question that the petition does not set forth the correct corporate name of the municipality.

The municipality was granted a new charter in 1922 (Ga. L. 1922, p. 987), the corporate name being designated as "The Mayor and Councilmen of the Town of Tybee." In 1929 (Ga. L. 1929, p. 1380), an act was passed, amending the charter of the municipality, in which the following language was used: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of the same, that from and after the passage of this Act the name of that certain body corporate created by the Act of the General Assembly of Georgia, approved August 21, 1922, and contained in the Acts published in Georgia Laws of 1922 on page 987, under the name and style of the mayor and councilmen of the Town of Tybee, be changed to 'Savannah Beach, Tybee Island,' and by that name and style shall have and enjoy all of the rights, powers, and privileges under said above recited Act and any amendments thereof." It seems clear to us that the purpose and intent of the act of 1929, supra, was to give to the municipality the corporate name of "Savannah Beach, Tybee Island," and we so hold. It is argued that on five different occasions since 1929 the legislature has amended the charter of this municipality, and on each occasion has referred to the municipality as "The Mayor and Councilmen of the Town of Tybee." See Ga. L. 1931, p. 1014; Ga. L. 1939, p. 1366; Ga. L. 1941, p. 1748; Ga. L. 1943, p. 1571; Ga. L. 1945, p. 780. Conceding this contention to be true, in none of these acts subsequent to the act of 1929 did the legislature purport to amend the charter of the municipality for the purpose of changing its name. The purpose of the act of 1929 was to change the name of the municipality. We do not think that the subsequent inadvertent references to the municipality by its incorrect name, in legislation not dealing with the subject of the name of the municipality, could possibly have the effect of changing the corporate name of the municipality. It follows that this ground of the demurrer was properly overruled.

The only other assignment of error argued or insisted upon is that relating to the overruling of the general ground of the demurrer to the effect that the petition fails to state a cause of ac-

tion. The bill of exceptions recites that at the time the demurrer was overruled a "temporary injunction prohibiting the closing, discontinuing, selling, or conveying of any portion of Sixth Street between Butler Avenue and the Atlantic Ocean," was granted. Counsel in their briefs make some reference to this injunction. The record before this court contains no brief of evidence, and the only judgment appearing is the judgment overruling the demurrers. We, therefore, can consider only the judgment overruling the demurrers.

The foregoing statement of facts discloses that the only reason alleged as a basis for the apprehension on the part of the plaintiffs in the court below that the municipality will sell and close a portion of Sixth Street is a statement made by the mayor. It is argued that, since the municipality has not acted, it is not proper for the judiciary to interfere with the legislative branch of the government, for the reason that, if the proposed act is *ultra vires* or illegal, the judiciary can interfere only after the act has been committed, and not simply because the plaintiffs have an apprehension that the municipality might thus act. It is further contended that no sufficient facts are alleged upon which to base any such apprehension. We do not consider a ruling on these questions necessary in order to decide this case. The relief sought by the petition was the enjoining of the municipality from closing, selling, or disposing of a portion of Sixth Street. It is alleged that the manner in which the street is to be closed is by selling a portion of the street to individuals who own property adjacent to this portion of the street. The petition alleges "that said street has been dedicated to public use, accepted and used by the public and by petitioners, opened, graded and surfaced by said municipality." For the purpose of demurrer, these allegations of fact must be accepted as true. By an act of 1941 (Ga. L. 1941, p. 1749, sec. 3), it is provided: "Be is further enacted that the mayor and councilmen of the Town of Savannah Beach, Tybee Island, shall have the right to buy, sell and/or exchange any part of the public domain which will include public streets and the Strand which are not considered necessary or convenient for public use and when the same is to the best advantage and interest of the mayor and councilmen, but shall not close, exchange, or sell any public street which has been opened to the public by the

municipality and used by the public, except after approval by a majority vote of all the qualified voters of said municipality." There is no attack upon this act of the legislature. The rule of law to the effect that it will be presumed that public officers will perform their duties in a legal manner is so well established that citation of authorities is deemed unnecessary. The plaintiffs allege merely that the municipality threatens to sell a portion of a public street which is open to the public; and this the municipality can do under the provisions of the act of the legislature above cited, provided the sale is first approved "by a majority vote of all the qualified voters of said municipality." We must, under the allegations of the petition, presume that this requirement of the law will be complied with on the part of the municipality. We, therefore, reach the conclusion that the petition presents a state of facts under which the municipality, by a compliance with the provisions of the act of 1941 above cited, would be authorized to do the act sought to be enjoined. The general demurrer should have been sustained and the petition dismissed.

*Judgment reversed. All the Justices concur.*