31986. DADE COUNTY *et al. v.* STATE OF GEORGIA *et al.*

DECIDED MAY 22, 1948.

*Gleason & Painter,* for plaintiffs in error.

*Warren Akin, Solicitor-General, Shaw & Shaw,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ In the bill of exceptions the plaintiffs in error state that "Dade County and Claude E. Owens Jr. presented for allowance by the court, and thereafter filed, their amended interventions and objections to the validation of said certificates, which amendment was duly allowed by the court. Whereupon the court ordered intervenors and objectors to proceed with the introduction of evidence in support of their objections. Thereupon said intervenors objected to the order of the court requiring that they assume the burden of proof, and insisted that the burden of proof rested upon the State of Georgia to prove the material facts requisite to obtain validation of said revenue certificates. The court overruled the objection, and ordered intervenors to proceed with the introduction of evidence in support of the interventions. To this order of the court relieving the State of Georgia from introducing evidence of material facts requisite to obtain validation of said revenue certificates, and requiring the intervenors to assume the burden of proof of the facts alleged in said intervention, said intervenors (plaintiffs in error in the bill of exceptions), then and there excepted, and now except, and assign the same as error on the grounds and for the reason that said order of the court aforesaid was and is contrary to law."

In order for a city to issue revenue-anticipation certificates under the provisions of the act of 1937 it is necessary that a resolution authorizing the issuance of certificates for an undertaking be adopted by the governing body of the municipality. Code (Ann.), § 87-804. Official notice by the municipality of the passing of the resolution and the intention of the municipality to issue the certificates must be given to the solicitor-general within the time specified in the statute. Code (Ann.), § 87-815. The solicitor-general is then required to file a petition in the superior court of the county where the municipality is located within 20

days from the date of service of notice, setting out certain details of the proposed issue, and to obtain an order from the judge requiring the municipality to show cause within 20 days from the filing of the petition why the certificates and security for payment thereof should not be confirmed and validated, which petition and order shall be served upon the municipality, and the officers thereof are required to make a sworn answer within the time prescribed therein. (Code (Ann.), § 87-816. A notice to the public shall be published in a newspaper at least twice prior to the hearing of the cause. Code (Ann.), § 87-817.

The municipality filed an answer, admitting the allegations of the petition to validate the certificates, and by stipulation between the parties in the present case it was admitted that the resolution providing for the issuance of the certificates by the City of Trenton was duly passed; that the Solicitor-General of the Cherokee Judicial Circuit was duly notified; that the solicitor-general brought the proceedings to validate the certificates, and that notice of the validation proceedings was duly published as required by law. The court then ruled that the burden was on the intervenors to proceed with the evidence in support of their intervention. The oral testimony, other stipulations, and documentary evidence were then introduced by the intervenors, and the City of Trenton introduced the security deed and the amortization plan, all of which is set out or referred to in the above statement of facts in this case.

The interventions, as amended, in addition to raising certain questions of law not previously passed upon in this case, but which are ruled on in division 3 of this opinion, allege the inability of the city to construct a suitable waterworks system under the proposed plan, the inadequacy of the revenues to be derived to meet the payments of principal and interest on the certificates, and the general impracticability of the plan. Where citizens as intervenors file an intervention objecting to the validation of revenue-anticipation certificates the burden is on the plaintiff in the proceeding to make out a prima facie case, but where the parties to such a proceeding by stipulation and other admissions admit sufficient material allegations to make out a prima facie case it is not error for the judge to rule that the burden is upon the intervenors to introduce evidence in support of their inter-

vention. The case of *Harrell* v. *Whigham*, 141 *Ga.* 322 (80 S. E. 1010), cited and relied upon by the plaintiffs in error is distinguishable from this case, as there no admissions by stipulation or otherwise sufficient to make out a prima facie case were made, and no evidence to make out a prima facie case was introduced by the solicitor-general. The hearing in the present case was before the judge of the superior court who passes on all questions of law and fact in such a proceeding, and the assignment of error as to the burden of proof shows no harmful error to the intervenors and the same is without merit.

■ Error is assigned on the admission of an amortization plan into evidence. The objections offered at the trial were "on the grounds that the same was purely hearsay, that no testimony had been first offered proving the accuracy of the calculations appearing therein or disclosing who had made the calculations and that the document was merely an unsigned piece of paper bearing a lot of figures and being evidence for or against nobody." The court overruled the objections and admitted the plan into evidence. A. L. Dyer, Mayor of Trenton, had identified the paper as the amortization plan he had received from the J. B. McCrary Company, which had been employed by the city to make a survey for a water system. Previously, John Temples had identified himself as an engineer for the J. B. McCrary Company and had testified that estimates and an amortization plan had been prepared by the J. B. McCrary Company under his supervision, based on surveys made by the company and on information furnished by the city officials of Trenton. The plan by its very nature was opinion evidence and was supplemental to other evidence as to how the city could meet the expenses of a water system and pay for the system from the revenue produced by the system when it was established. There were sufficient facts before the court as to the existence and identification of the amortization plan, and the facts upon which the plan was based, for the judge, acting as a trior of fact as well as a judge of law, to admit the plan for his own consideration, and properly evaluate the same in making a finding of fact and in rendering judgment, and it is not made to appear that the admission of this evidence was harmful or prejudicial in any way. "The modern

tendency is to relax rather than to restrict the rules for the admission of evidence, to the end that the discovery of truth may be aided, rather than obstructed." *Jasper County* v. *Butts County*, 147 *Ga.* 672 (95 S. E. 254). The above statement was made in reference to the admission of evidence for consideration by a jury, and a fortiori would it apply to the admission of evidence for consideration by the judge, sitting without a jury, as in the present case. No harmful error is shown by the admission of the amortization plan into evidence.

■ In their bill of exceptions, the plaintiffs in error assert that "because the City of Trenton . . is attempting to validate revenue certificates authorized by the provisions of article 7, section 7, paragraph 5, of the Constitution of Georgia, which constitutional provision authorizes the issuance of revenue-anticipation certificates enumerated in the act of 1939 (pages 362-366), and because the resolution adopted by the Mayor and Council of the City of Trenton is in violation of section 2 of the act of 1939, in that said resolution pledges the entire revenues from said water system, which is now owned by the City of Trenton to the purchasers of said revenue certificates and divests from said city its pro rata part of said income required by the provisions of the Constitution of Georgia to be held and owned by the City of Trenton, and creates a debt against the property of the City of Trenton, in violation of the same constitutional provision, a case is presented that involves the construction of the Constitution of the State of Georgia," the case is one for decision by the Supreme Court. In 203 *Ga.* 280, the Supreme Court determined that this contention of the plaintiffs in error did not raise a constitutional question that would give that court jurisdiction and accordingly transferred the case to the Court of Appeals. Article 7, section 7, paragraph 5 of the Constitution of Georgia (Code, Ann., § 2-6005) provides that the issuance of revenue-anticipation certificates by a municipality may be made pursuant to the act of the General Assembly, known as the "Revenue Certificate Laws of 1937" (Ga. L. 1937, p. 761 et seq.) as amended by the act approved March 14, 1939 (Ga. L. 1939, p. 362 et seq.) and that the same shall be payable, as to principal and interest, only from revenue produced by revenue-producing facilities of the issuing political subdivisions, and shall not be deemed debts of, or create

debts against the issuing political subdivision within the meaning of the Constitution, and certain restrictions are therein set out which are immaterial to the present case. By the act of 1937 (Ga. L. 1937, pp. 761, 762; Code, Ann. Supp., § 87-803 d) it is provided that a municipality shall have power "(d) To pledge to the punctual payment of said certificates and interest thereon all or any part of the revenues of such undertaking (including the revenues of improvements, betterments, or extensions thereto thereafter constructed . . as well as the revenues of existing systems, plants, works, instrumentalities and properties of the undertaking so improved, bettered or extended), or of any part of such undertaking." This was amended by the act of 1939 (Ga. L. 1939, pp. 362, 365; Code, Ann. Supp., § 87-803 (d-1) which provided that a municipality shall have the power "(d-1) To fix the value of existing undertakings at the time the . . city or town desires to reconstruct, improve, better or extend such undertaking, and to pledge to the payment of the revenue-anticipation certificates and the interest thereon, issued for said undertaking under this Chapter such part of the revenues of such undertaking as the cost of the reconstruction, improvement, betterment, or extension of the undertaking bears to the said cost plus the value of the existing undertaking before reconstruction, improvement, betterment or extension. *The provisions of this subsection shall not be construed to restrict or limit the powers granted in subsection (d) of this section.*" (Italics ours.) In substance, in their amended intervention, the plaintiffs in error contend that there has been no compliance with the above-quoted section of the act of 1939, and that the resolution adopted by the Mayor and Council of the City of Trenton on April 29, 1946, is in violation of the above section of the act of 1939, and various reasons are alleged as to why the resolution and the validation proceedings are in conflict with the above-quoted section of the act of 1939. The act of 1937 (Code, Ann. Supp., § 87-802) defines "undertaking" to include a water system and the resolution of the Mayor and Council of the City of Trenton on April 29, 1946, provides that the purpose of the issuance of the certificates is, among other things, "to pay the cost of constructing a waterworks system for the City of Trenton." The undertaking for which validation is sought is a legitimate one, and as set out above, the act of 1937 provided that

"all or any part" of the revenues of the undertaking as well as the revenues of existing systems, etc., so improved, etc., could be pledged to pay the certificates and interest. The act of 1939 set up a method whereby the revenues from existing facilities could be eliminated, but instead of the provisions of the act of 1939 being mandatory, it provided that it "shall not be construed to restrict or limit the powers granted in subsection (d) of Section 3." It is clear from this that if a municipality desires, it may still pledge the entire revenue of existing facilities, along with the revenues from improvements made thereon with funds secured by the issuance of revenue-anticipation certificates, to the payment of these certificates and the interest thereon, or it may value the existing facilities, and by following the formula provided in the act of 1939 eliminate from the revenue pledged for payment of the certificates that revenue derived from existing facilities on which improvements, etc., were made, and by the express terms of the Constitution of Georgia, article 7, section 7, paragraph 5 (Code, Ann., § 2-6005), the acts of a municipality under the above provisions of law are authorized by and contravene no provisions of the Constitution. From the evidence before the court in the present case the court was authorized to find that the undertaking for which the validation of certificates was sought would incorporate into it an existing system acquired or being acquired by the City of Trenton, or the court was authorized to find that the undertaking would not include the existing system, the evidence in this respect being in conflict. The order validating the certificates and confirming the security was for the "construction of a waterworks system," and the proceeding had been instituted and maintained on this basis and for this purpose. If, in the construction of this waterworks system, the existing system is made a part of the water system, and this would be embraced under the term "construction of a waterworks system," the revenue from it becomes a part of the revenue pledged to the payment of the certificates and interest, but, for the reasons already stated, this is not in conflict with the act of 1937, and the amending act of 1939, and if the present system is not embraced in the construction of a waterworks system from the funds derived from the revenue-anticipation certificates,

there can be no basis for the contentions of the plaintiffs in error. So in either event the contentions of the plaintiffs in error in this respect are without merit. The resolution of the City of Trenton adopted April 29, 1946, and the proceedings thereunder, even if continued after the city acquired a privately owned water system by purchase, were not in violation of the provisions of the act of 1939 (Ga. L. 1939, pp. 362, 365; Code, Ann. Supp., § 87-803 (d-1).

█ The plaintiffs in error except to the final judgment of the court validating the revenue-anticipation certificates and confirming the security for the payment thereof, as being contrary to the law and evidence. No error of law appears, and the evidence, although conflicting, is sufficient to authorize the judgment.

*Judgment affirmed. Felton and Parker, JJ., concur.*