33020. THIGPEN v. TOWN OF DAVISBORO *et al.*

DECIDED MAY 19, 1950.

*Casey Thigpen,* in propria persona.

*W. H. Lanier, Solicitor-General, E. T. Averett,* for defendants.

SUTTON, C. J. This was a proceeding brought in the name of the State of Georgia in Washington Superior Court to validate revenue-anticipation certificates of the Town of Davisboro for the improvement and extension of its waterworks system. A certified copy of the resolution adopted by the Mayor and Council of Davisboro was attached to the petition, and under the terms of this resolution it was proposed to improve and extend the waterworks system of the town "by issuing, in anticipation of the collection of revenues therefrom, ten (10) negotiable revenue certificates, each for the principal sum of seven

hundred dollars ($700), which shall be dated the 14th day of October, 1949, bear interest at the rate of four per centum (4%) per annum, payable annually on the first day of January of each year, and shall mature one on first day of January, 1951, and one each year thereafter until all have matured; but no interest shall be paid until Mar. 1, 1951." In the resolution details are given as to revenue from the waterworks, $2250 per annum under current rates of $1.50 per month for each connection to users, which rate was to be in effect until January 1, 1950, at which time the rate was to be changed to $2 per month for each connection. The resolution also provided that "The use and disposition of the revenue of said undertaking shall be as follows, to wit: the portion to be used for operating expenses shall be $1250, per annum and the portion to be applied to the indebtedness shall be $1000 per annum, based on a proration of this amount throughout the remainder of the calendar year 1949, and beginning in 1950 the portion of the revenue as increased shall be $1000, to be applied to the indebtedness and the sum of $200 to be set aside in the sinking or reserve fund, making a total of $1200 per annum." Further provisions were made as to the payment of the certificates, the placing of the waterworks system in a receivership in the event of a default in the payment of the certificates or interest, and for an increase or decrease in rates to be charged to users of water, and in regard to other matters pertaining to the issuance of the certificates and the operation of the waterworks system. In a verified answer the town, through its mayor, admitted the allegations of the petition.

Casey Thigpen, as a resident of the alleged town and a patron of the waterworks system, filed an unverified intervention. In this intervention he denied the allegations of the petition, and demanded strict proof thereof, and alleged that the town was not incorporated, or if incorporated, that it had no authority to maintain a waterworks system, that notice of the proceeding as published in a local newspaper was not signed by the clerk of the superior court, if signed at all, until after the advertisement was completed, that under said proceeding an attempt was being made to expend money and property of the Town of Davisboro in violation of article 7, section 1, paragraph 2 (1), of the

Constitution of Georgia, Code (Ann.), § 2-5402(1), concerning donations or gratuities, that existing funds or property of the town will go into the improved and extended waterworks system for the purpose of creating a combined enterprise for the production of income from which the certificates will be retired, that if the revenue is inadequate a receiver could be appointed to take over and operate the waterworks system of the town, including present existing funds or property of the town which will be merged into the enterprise, that the effort to validate the certificates is an effort to hypothecate the present waterworks system which amounts to a donation of public funds and property, and is unconstitutional, and that to hypothecate the present waterworks system would be an assumption of debt in violation of the provisions of the Constitution of Georgia, article 7, section 3, paragraph 5, Code (Ann.), § 2-5605.

At a hearing at which the intervenor was present, H. C. O'Neal, Clerk of the Town Council of Davisboro, was sworn as a witness "and was asked if he would testify that the allegations of the petition were true and he replied in the affirmative," and Edward T. Averett, attorney for the Town of Davisboro, called the attention of the court to Georgia Laws, 1916, page 659, and read the caption of the act creating the Town of Davisboro. No evidence was offered by the intervenor. The court passed an order validating the revenue certificates, and the intervenor excepted, for the reasons set forth in his intervention. The case went to the Supreme Court and that court transferred it to the Court of Appeals. *Thigpen v. Davisboro,* 206 *Ga.* 505 (57 S. E. 2d, 590).

The contentions of the intervenor in respect to the issuance of the certificates under this proceeding as being in violation of certain provisions of the Constitution of this State are without merit. Article 7, section 7, paragraph 5, of the Constitution of Georgia, Code (Ann.), § 2-6005, provides that the issuance of revenue-anticipation certificates may be made pursuant to the act of the General Assembly approved March 31, 1937, known as the "Revenue Certificate Laws of 1937" (Ga. L. 1937, p. 761 et seq.) as amended by the act approved March 14, 1939 (Ga. L. 1939, p. 362 et seq.) and that the same shall be payable from revenue produced by revenue-producing facilities of the issuing

political subdivision, and shall not be deemed debts of, or create debt against the issuing subdivision within the meaning of the Constitution, and certain restrictions are therein set out. By the act of 1937 (Ga. L. 1937, pp. 761, 762; Code (Ann. Supp.), § 87-803d) it was provided that the issuing authority could pledge all or part of the revenues from an undertaking, including revenue from the improvements as well as existing facilities, to the punctual payment of the certificates and interest thereon. See *Dade County* v. *State of Georgia,* 77 *Ga. App.* 139, 147 (48 S. E. 2d, 144). It appears that the revenue-anticipation certificates in the present case are to be issued under the authority and in accordance with the method prescribed by the Constitution and the laws incorporated therein by reference thereto. The Supreme Court has already determined that this case did not involve a constitutional question wherein it had jurisdiction, and stated in its opinion that "Jurisdiction is not vested in the Supreme Court because it is contended that a judgment of confirmation and validation would be contrary to stated provisions of the Constitution." *Thigpen* v. *Davisboro,* supra. The proposed issuance of the revenue-anticipation certificates, the proceeding for validation, and the judgment of validation were not contrary to any of the provisions of the Constitution cited in the intervention.

The other contentions of the intervenor are also without merit. A prima facie case was proved by the testimony as to the truth of the allegations of the petition, and the Town of Davisboro in its verified answer admitted the allegations of the petition to validate the certificates. Insofar as proof of the fact that the Town of Davisboro was incorporated was necessary, this was a matter of which the court could take judicial notice. Code, § 38-112; *Stanley* v. *Sims,* 185 *Ga.* 518, 522 (195 S. E. 439). As brought to the attention of the court, the act of incorporation, or of reincorporation, is found in Georgia Laws, 1916, page 659 et seq. Under § 42 of this act, page 676, the town is given express authority "to establish and maintain a system of waterworks." If the clerk of the superior court failed to sign the notice of the time and place of the hearing until after the same had been advertised, this would not render the proceeding null and void. The requirement under the law is that notice be published by

the clerk of the superior court. See Code (Ann. Supp.), § 87-817. It is also apparent that the intervenor received notice of the proceeding in time to file a written intervention, and that he was actually present at the hearing, but offered no evidence.

Under the record in this case no error of law appears and the judgment of validation was authorized.

*Judgment affirmed. Felton and Worrill, JJ., concur.*