43534. LILLY et al. v. CRISP COUNTY SCHOOL SYSTEM
et al.

BELL, Presiding Judge. This is a proceeding brought by the State of Georgia against the Crisp County School System to validate school bonds in the amount of $325,000 pursuant to an Act of 1961 (Ga. L. 1961, pp. 168, 169; *Code Ann.* § 87-302). Malcolm Lilly and Alfred Olsen intervened in the case to contest the validation. Intervenors took this appeal to the Supreme Court from the judgment of the trial

court overruling their demurrers and objections and validating the bonds. The Supreme Court transferred the case to this court. *Lilly v. Crisp County School System,* 224 Ga. 45 (159 SE2d 707).

1. Crisp County School System, created by an Act of 1957 (Ga. L. 1957, pp. 2066, 2068) is a political subdivision of the State of Georgia separate from the county itself, and has the power to sue and to be sued (Ga. L. 1957, pp. 2066, 2075). This proceeding was properly brought by the solicitor general against the "division desiring to issue bonds"— namely, Crisp County School System—as provided by *Code Ann.* § 87-302, and Crisp County was not a proper or necessary party to the proceeding. *Ogletree v. Spalding County School District,* 41 Ga. App. 276 (152 SE 589); *Spalding County v. Walker,* 41 Ga. App. 229 (152 SE 588).

2. (a) A petition to validate bonds must set forth a strict compliance with the law by service of the notice required by *Code Ann.* § 87-301 (Ga. L. 1961, p. 168), the name of the political subdivision seeking to issue the bonds, the purpose for which they are to be issued, the principal amount of the bonds, what interest they are to bear or the maximum per annum rate of interest specified in the election notice, and the amount of principal to be paid annually. The petition must show that an election was held pursuant to the provisions of *Code Ch.* 87-2 as amended and that the result of the election was prima facie in favor of issuance of the bonds. *Code Ann.* § 87-302; *King v. Board of Ed.,* 42 Ga. App. 563, 574 (156 SE 710). "It is incumbent upon the petitioner in such a proceeding to make out a prima facie case by proving each of the substantial and material allegations set forth above as necessary allegations of the petition; and when this is done the burden is cast upon the defendant, or upon a proper party as intervenor, to set up and establish any other fact which by aliunde proof would render the election invalid." Id.

(b) In this proceeding a prima facie case for validation of the bonds was alleged in the petition and proved by the evidence.

3. (a) A proceeding to validate bonds pursuant to *Code Ann.* § 87-302 embraces justiciable questions within the jurisdiction of the superior court. This proceeding was not advisory, collusive or non-justiciable merely because the defendant in its answer admitted the allegations of the petition and offered

no showing of cause why the bonds should not be confirmed. See *Farmer v. Mayor &c. of Thomson,* 133 Ga. 94, 103 (65 SE 180).

(b) Where citizens and taxpayers of the political subdivision file an intervention, the intervenors become quasi-defendants. Thus irrespective of the technical adversary position between the political subdivision and the solicitor general, acting for the State, the essential allegations cannot be established as proved by admissions in pleadings where an intervention has been filed denying such allegations. *Harrell v. Town of Whigham,* 141 Ga. 322, 325 (80 SE 1010); cf., *Dade County v. State of Ga.,* 77 Ga. App. 139, 144 (48 SE2d 144). The burden is on the State to prove the material facts which are requisite to obtain validation. *Jennings v. New Bronwood School Dist.,* 156 Ga. 15 (3) (118 SE 560). However, there is no law which would prevent any party to the proceeding from introducing evidence which would establish the existence of facts necessary to the validation of the bonds. *Hattrich v. State of Ga.,* 116 Ga. App. 281, 283 (156 SE2d 925).

4. Testimony of the solicitor general sufficiently proved that written notice was served on him of the fact that an election was held resulting in favor of the issuance of the bonds, in compliance with *Code Ann.* § 87-301. It was not necessary to prove where the acknowledged service was perfected.

5. Every presumption will be indulged in favor of the validity and legality of the official acts of public officers. *Fine v. Dade County,* 198 Ga. 655, 662 (32 SE2d 246); *Timbs v. Straub,* 216 Ga. 451 (4) (117 SE2d 462); *Searcy v. State,* 91 Ga. App. 603, 607 (86 SE2d 652). In the absence of evidence to the contrary, it will be presumed that the special meeting of the board of education held on May 2, 1967, calling the bond election, was organized and held according to law. There was no evidence that the written notice to the members required by Section 5 of an Act of 1957 (Ga. L. 1957, pp. 2066, 2070) was not given or that a quorum was not present at the meeting. The Constitution of 1945, Art. VIII, Sec. VIII, Par. I and Ga. L. 1965, p. 118 (*Code Ann.* § 23-802) require that all official meetings of the board be open to the public, but do not require that notice be given to the public prior to special meetings of the board.

6. The court admitted into evidence a copy of the resolution of the board calling the election and a copy of the minutes

of the meeting of the board at which the result of the election was declared with concurrence of the ordinary. It was not error to admit these exemplified extracts of the minutes of the board over the objections that the party offering them had not established that the meetings of the board were lawfully assembled (see Division 5 of this opinion) and that the copies were not the best evidence. The original minutes, being records required by *Code Ann.* § 32-912 and Ga. L. 1957, pp. 2066, 2071, were office papers and thus the exemplifications were primary evidence. *Code* §§ 38-601, 38-602; *Daniel v. State,* 114 Ga. 533, 536 (40 SE 805). Cf., *Moody v. Board of Commissioners,* 29 Ga. App. 21 (6) (113 SE 103).

7. (a) The advertisement notifying voters of the bond election stated that the bonds would be issued "for the purpose of providing funds to pay the cost of acquiring, constructing and equipping school buildings and facilities useful or desirable in connection therewith, adding to, improving, renovating, repairing and equipping existing educational facilities of the Crisp County School System, acquiring the necessary property therefor, both real and personal, and paying expenses incident to accomplishing the foregoing." This notice was not subject to the criticism that it submitted to the voters several distinct and independent propositions to be voted on as a single question. The purposes stated were all so naturally related to providing additions and improvements to school facilities in Crisp County as to form a single proposition to be voted on. *Miles v. State of Ga.,* 96 Ga. App. 610, 614 (101 SE2d 173). See *Brand v. Town of Lawrenceville,* 104 Ga. 486, 496 (30 SE 954). Cf., *Rea v. City of LaFayette,* 130 Ga. 771 (61 SE 707).

(b) The notice of election stated that the bonds would "bear interest from date at such rate or rates not exceeding five per centum (5%) per annum in any year, all interest payable semi-annually or the 1st days of January and July in each year." An Act of 1960 (Ga. L. 1960, pp. 1032-1034; *Code Ann.* § 87-201), provides in part: "Said notice, in the discretion of the issuing body, in lieu of specifying the rate or rates of interest which said bonds are to bear, may state that the bonds when issued will bear interest at a rate not exceeding a maximum per annum rate of interest specified in the election notice. . ." Thus the notice was not defective because it failed to indicate the specific rate of interest payable.

8. The notice of the validation hearing published by the clerk of the superior court in full compliance with *Code Ann.* § 87-303 (Ga. L. 1966, p. 76) was sufficient. Intervenors' contention that the notice was defective in failing to bear teste in the name of the judge of the superior court is without merit because the statute does not require teste. In this connection see *Thigpen v. Town of Davisboro,* 81 Ga. App. 610, 613 (59 SE2d 522).

9. There was evidence showing that the board of education contemplated using proceeds of the bonds, or a portion of the proceeds, for a specific purpose which intervenors contend was not stated in the election notice and was not authorized. We do not decide that use of the proceeds for that purpose would be unlawful. Even if that purpose were an unlawful one, it would not furnish ground for refusal to validate the bonds for the lawful purposes stated in the election notice. "If the public authorities should seek to use in an unlawful manner, or for an unlawful purpose, the proceeds of the bonds thus authorized, the remedy is not by a refusal to validate the bonds for the purpose for which they were authorized." *Gracen v. Mayor &c. of Savannah,* 142 Ga. 141 (3) (82 SE 453). Cf., *Marks v. Richmond County,* 165 Ga. 316 (140 SE 880); *Walker v. Wheeler,* 210 Ga. 432 (80 SE2d 691). The case of *Hogan v. State,* 133 Ga. 875 (67 SE 268) is distinguishable, as in that case the election notice stated an illegal purpose, thus rendering the election invalid.

10. There is no merit in any of the grounds of error enumerated. The trial court did not err in overruling intervenors' demurrers and objections and rendering judgment confirming the bonds.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED MARCH 5, 1968—DECIDED MAY 23, 1968—
REHEARING DENIED JUNE 12, 1968—CERT. ▮

*Davis & Friedin, Roy B. Friedin,* for appellants.

*D. E. Turk, Solicitor General, Wright & Reddick, Graydon D. Reddick, Gambrell & Mobley, David H. Gambrell, John H. Mobley,* for appellees.