## 47035. OLLILA v. GRAHAM.

QUILLIAN, Judge. The instant appeal arises out of the submission to the voters of Fulton County of the question of whether they favored the approval of a contract with the Metropolitan Atlanta Rapid Transit Authority, commonly known as MARTA. The complaint named William Graham, Jr., as Supervisor of Elections of Fulton County, the defendant. It was alleged that the defendant was the public official who formally declared the results of the election. The complaint categorized numerous irregularities and illegalities which were alleged to have occurred during the conduct of the election. It further set forth that the application of the Election Code to the election in question was unconstitutional and deprived the plaintiff of equal protection and due process guaranteed to it by the 14th Amendment to the Constitution of the United States.

The defendant answered and moved to dismiss the complaint based on the following facts. It was set forth that the proper defendant in this action was the Fulton County Board of Registration and Elections; that the board succeeded to and exercised all the duties and powers of the ordinary in the conduct of elections under *Code Title* 34; that the ordinary is the proper officer who formally declares the number of votes for or against any question and thus is the public officer who is the defendant in an action of this type and against whom suit must be brought in the county of his residence. It was therefore set out that the Fulton County Board of Registration and Elections is the proper defendant and that the Superior Court of Fulton County would have jurisdiction of a contest of this nature.

The trial judge sustained the defendant's motion and dismissed the complaint. Appeal was taken to the Supreme Court which transferred the case to this court for decision. *Held:*

The determinative question in this case was whether DeKalb Superior Court had jurisdiction of this suit.

The Election Code defines the word "superintendent" as the ordinary of a county. *Code Ann.* § 34-103 (ac) (Ga. L. 1964, Ex. Sess., pp. 26, 28; 1970, pp. 347, 349). It provides that the consolidated return shall be certified by the superintendent (ordinary). *Code Ann.* § 34-1504 (g) (Ga. L. 1969, pp. 292, 294; 1970, pp. 347, 374). Where there is a contest of an election the defendant is "the public officer who formally declared the number of votes for and against any question submitted to electors at an election." *Code Ann.* § 34-1701 (b) (Ga. L. 1964, Ex. Sess., pp. 26, 177). *Code Ann.* § 34-1704 (a) (Ga. L. 1964, Ex. Sess., pp. 26, 178; 1969, pp. 329, 348) provides that "a contest case governed by the provisions of this chapter shall be tried and determined by the superior court of the county where the defendant shall reside."

It is therefore evident that where a contest is made with regard to a "question" that the suit should be brought in

the county where the ordinary, who declared the result of the election, shall reside.

In 1967 a law (Ga. L. 1967, p. 3211) was enacted by the General Assembly which provided that in every county having a population of more than 500,000 according to the 1960 United States decennial census and any future such census, there shall be a county board of elections which shall have jurisdiction over the conduct of primaries and elections in such county. The Act further provided that the board of such county shall be composed of five members, each of whom shall be an elector and resident of the county. With regard to elections the board succeeded to and exercised all duties and powers granted to and incumbent upon the ordinary by the Georgia Election Code. Ga. L. 1967, pp. 3211, 3213.

In 1970 this Act was amended (Ga. L. 1970, p. 3405) to change the name of the Board to the County Board of Registration and Elections which shall have jurisdiction over the registration of electors and conduct of primaries and elections in such counties. In Fulton County, which has a population in excess of 500,000, the County Board of Registration and Elections has succeeded to the duties of the ordinary. Therefore, an election contest is properly brought against such board in the county where it resides, which is Fulton County.

The 1967 Act as amended in 1970 provides in Section 11 for a chief administrative officer of the board "who shall be appointed by the governing authority of the county upon the recommendation of the Board of Registration and Elections and shall be designated 'elections supervisor' and he shall have such duties and functions in regard to elections as may be prescribed by the board."

It is obvious that the elections supervisor would therefore serve as the acting arm of the board, or he may have no duties whatsoever as the board may determine. However, when he acts for the board he acts not in his own capacity but purely as an agent or servant of the board. Hence, his individual residence

has no relevance for he acts for a board which resides only in Fulton County.

Here, the proper defendant is the County Board of Registrations and Elections, whose residence is Fulton County, and suit should have been brought in the superior court of the county where such defendant resides. The trial judge did not err in sustaining the defendant's motion to dismiss the complaint.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED APRIL 7, 1972—DECIDED APRIL 21, 1972—REHEARING DENIED MAY 12, 1972—

*Moreton Rolleston, Jr.,* for appellant.

*George P. Dillard, Webb, Parker, Young & Ferguson, John Tye Ferguson, Huie & Harland, R. William Ide, III,* for appellee.

ON MOTION FOR REHEARING.

The appellant now urges that the presiding judge was disqualified from serving because he was not a judge who resided nearest the courthouse in which the contest was filed. This contention was not urged previously in the lower court or before this court. The motion to disqualify in the trial court simply stated that neither the appointed presiding judge nor any other judge in the State of Georgia was authorized to preside in the trial of the case. There was no evidence introduced to show the existence of a *qualified* judge who resided in closer proximity than the judge who was appointed. The law presumes that public officers will do their duty and every presumption is indulged in favor of the validity and legality of the official acts of public officers. *Lilly v. Crisp County School System,* 117 Ga. App. 868 (162 SE2d 456); *Fine v. Dade County,* 198 Ga. 655 (32 SE2d 246); *Savannah Beach, Tybee Island v. Lynes,* 200 Ga. 26 (35 SE2d 912). Therefore, absent a contrary showing, we assume that the Governor complied with the directive of *Code Ann.* § 34-1704 (b) (Ga. L. 1964, Ex. Sess., pp. 26, 178; 1969, pp. 329, 348).

*Rehearing denied.*