## WESTER *v.* CAIRO BANKING COMPANY.

Where an execution is levied upon the property of the defendant therein, and he files an affidavit of illegality, and in one ground of the same deposes that he has never been served with process in the case, that the return of service made by the deputy sheriff is not true, that he has not been served and has not acknowledged service; and thereupon the court grants an order that the deputy sheriff and sheriff of the county be served with a copy of the affidavit of illegality and that they be made parties; and where, after this, the defendant in fi. fa. files a petition to the superior court, reciting these facts and alleging that the deputy sheriff and sheriff have removed from the State of Georgia to another State, and prays that the court authorize service by publication, and the court refuses this application for service by publication, such refusal is not such a final judgment as can be brought to this court by direct bill of exceptions.

No. 5637.　NOVEMBER 25, 1926.

Equitable petition. Before Judge Yeomans. Seminole superior court. August 23, 1926.

*A. E. Thornton,* for plaintiff.

*S. P. Cain,* for defendant.

BECK, P. J. In a petition addressed to the superior court of Seminole County and to the judge of the court, C. P. Wester alleged that previously to the filing of the petition he had filed his affidavit of illegality to an execution issued from the superior court of the county named, which execution was in favor of the Cairo Banking Company and against petitioner. In the affidavit of illegality petitioner had traversed the return of service made by the deputy sheriff of the county, and prayed that the deputy sheriff and sheriff of the county at the date of the alleged service should be made parties to the case. It was further alleged that the sheriff and deputy sheriff referred to, after the date of the alleged service of process and before the filing of the affidavit of illegality, had removed from the State of Georgia into the State of Florida, and

Appeal and Error, 3 C. J. p. 479, n. 86 New.

that he had been unable to serve these two parties with a copy of the affidavit of illegality and of the order making them parties; and he prayed that the court exercise its equity power and order service made upon the former deputy sheriff and sheriff by publication, and that process issue, requiring the Cairo Banking Company to show cause why service by publication should not be made as prayed. Upon hearing the petition the court refused to grant the same, on the ground that it was without authority to order service by publication in this case. The plaintiff in error excepted directly to this order. Counsel for the defendant in error has moved to dismiss this bill of exceptions.

We are of the opinion that the refusal of the court to order service by publication is not such a final judgment as could be brought to this court for review. The petition is necessarily to be considered as ancillary to the affidavit of illegality and to that part of it praying that the former deputy sheriff and sheriff of Seminole County be made parties to the cause. The refusal to serve them by publication did not terminate the case; it was still pending. Consequently the bill of exceptions must be dismissed.

*Writ of error dismissed. All the Justices concur.*