## WESTER *v.* CAIRO BANKING COMPANY.

Where on levy of an execution an affidavit of illegality is filed, attacking the execution as void on the ground of want of service of the suit on which the execution is based, with a traverse of the entry of service, and where the officer who made the entry of service had since removed beyond the confines of the State, and the defendant in execution moved to have such officer served by publication, which motion was overruled, and the defendant excepted to that ruling by direct bill of exceptions, without filing exceptions pendente lite, and the writ of error was dismissed in this court because it was prematurely brought, the order of the trial court refusing to order service by publication became the law of the case on that question.   Consequently, where the defendant in execution, before the judgment of the Supreme Court had been made the judgment of the lower court, moved to dismiss the first proceeding, and, on the court's refusal to dismiss it, filed a second motion substantially the same as the first, praying for an order requiring service by publication on the officer who made the entry of service, the court did not err in refusing to order service. by publication and in dismissing the affidavit of illegality for want of service.

No. 5954.   NOVEMBER 17, 1927.

Affidavit of illegality of execution.   Before Judge Yeomans. Seminole superior court.   February 23, 1927.

*A. E. Thornton,* for plaintiff in error.   *S. P. Cain,* contra.

HILL, J. .   It appears from the record that an execution in favor of the Cairo Banking Company, issued from the superior court

Appeal and Error, 4 C. J. p. 1093, n. 77.

Courts, 15 C. J. p. 962, n. 37.

of Seminole County against C. P. Wester, was levied upon certain property of the defendant, who filed an affidavit of illegality, averring that he was never served with a copy of the petition and process in the suit which was the foundation of the execution, and that he never appeared and pleaded or authorized any one else to do so for him, and never had his day in court. He further averred that, since the term of court at which the judgment was obtained, it had come to his knowledge that E. T. Gibbons, a deputy sheriff of Seminole County, made a return of service on the petition, to the effect that he had served the defendant personally with a copy of the petition and process, that this return was untrue, and this traverse of it was filed at the first term of court after affiant received knowledge thereof. He prayed that the deputy sheriff and J. M. Richardson, the sheriff of Seminole County, be made parties to the case; and they were accordingly made parties by order of the court on April 30, 1926. Subsequently the sheriff and the deputy sheriff removed without the State of Georgia, and the defendant was unable to serve them with a copy of the affidavit of illegality; and he filed a petition praying that the court "exercise its equity powers and order service made upon the former sheriff and deputy sheriff by publication." The court declined to order service by publication, and to this ruling the defendant excepted. In the Supreme Court counsel for the defendant in error moved to dismiss the bill of exceptions, on the ground that it was prematurely brought, and this motion prevailed. *Wester* v. *Cairo Banking Co.,* 163 *Ga.* 311 (135 S. E. 925). No exception pendente lite was taken to the order overruling the motion praying service upon the sheriff and deputy sheriff by publication; and no order of this court was given to file the copy of the bill of exceptions in the court below as exceptions pendente lite. Before the judgment of the Supreme Court was made the judgment of the court below, the defendant moved to dismiss the original proceeding for an order of service by publication, which motion was overruled. Subsequently the defendant filed his petition praying that the court exercise its equity powers and order that service of the affidavit of illegality upon the sheriff and deputy sheriff be made by publication, and that they "be made parties defendants by perfecting service upon them by publication." The court overruled the prayers of this petition, denied the order for service by pub-

lication, and dismissed the affidavit of illegality for want of service. ·To all these rulings the defendant excepted.

We are of the opinion that the court did not err in any of the rulings. The case is substantially the same as it was when previously before this court. When the plaintiff in error brought the case here by direct bill of exceptions, without having filed exceptions pendente lite in the court below to the overruling of similar orders passed by the trial court, the writ of error was dismissed by this court, and the judgment of the court below became the law of the case, and the plaintiff in error can not now bring the same question to this court for decision, and is bound by the judgment in the court below. We therefore reach the conclusion that the trial court did not err, for any reason assigned, in refusing to order service by publication or in dismissing the affidavit of illegality.     *Judgment affirmed.   All the Justices concur.*