McCRORY COMPANY OF GEORGIA *v.* BOARD OF COMMISSIONERS OF FULTON COUNTY *et al.*

GILBERT, J. 1. "Neither counties nor their officers can do any act, or make any contract, or incur any liability, not authorized by some legislative act applicable thereto. *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503 [30 S. E. 270]. . . County revenue is raised in the manner pointed out by the General Assembly, taxation being practically the only source from which it comes; and not only is the manner of the expenditure of such fund regulated by law, but the purposes for which such taxation may be imposed are likewise limited." *Howard* v. *Early County*, 104 *Ga.* 669 (30 S. E. 880).

2. "The discretion vested in the county authorities must be from the nature of the case a broad one, and therefore the reviewing power of the judge of the superior court must be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law. See *Barlow* v. *Ordinary of Sumter County*, 47 *Ga.* 639; *Waller* v. *Perkins*, 52 *Ga.* 233. The matter is left in the first instance to the discretion of the county authorities, to be controlled only by the discretion of the superior court to be exercised within limits. This discretion is to be wisely and cautiously exercised by the county authorities, and the judge of the superior court in dealing with their action must exercise that wisdom and caution which is required of those whose conduct is under review." *Commissioners of Habersham County* v. *Porter Manufacturing Co.*, 103 *Ga.* 613, 617 (30 S. E. 547).

3. The amendment to the constitution of Georgia, art. 7, sec. 7, par. 1 (Civil Code (1910), § 6562), ratified in 1927, and which provides, in part, that

"no new loan shall be made in one year until all loans made in the previous year have been paid in full," is not offended where it is sought "to borrow money" in the year 1932 to pay warrants outstanding on December 31, 1931. The constitution does not prohibit new loans being made when there are outstanding warrants issued during the previous year. The existence of outstanding warrants does not necessarily prove that there are outstanding loans made in such previous year.

4. The evidence in this case did not demand a finding by the trial court that a second loan was contemplated by the county commissioners at a time when a loan made during the previous year was still outstanding. It follows that the court did not err in refusing the relief sought in this particular, that is, an injunction against the making of a second loan.

5. Under the pleadings and the evidence a finding was not demanded that the item of the tax levy for the support of paupers was "illegal," the petition failing to point out any basis for such allegation, except that the funds were in large part to be expended under the act of 1922 (Ga. Laws 1922, p. 180), which is alleged to be unconstitutional, null and void.

(a) An item of a county tax levy for the "support of paupers," as provided under the constitution, will not be enjoined on the ground that it is null and void, even if, as alleged, the moneys are to be expended as provided under an unconstitutional act, unless it also appears that the levy itself is for some reason invalid. If the act is invalid, the tax must nevertheless be levied.

(b) The petition does not contain a prayer that the commissioners be enjoined from paying over the proceeds derived from that tax levy to municipalities and charitable associations, as provided in the said act of 1922.

6. Under the pleadings and the evidence this court can not hold as a matter of law that any of the items of the county-tax levy are null and void for any reason assigned. Before enjoining such taxation and incurring the possibility of embarrassing the progress of county government, the law and the facts must be such as to clearly require such action. The evidence in this case consists largely of an audit by a firm of public accountants, produced in court by the defendant under notice. The audit does not appear to have been made for the specific purpose of affording a basis of taxation. A letter of the accountants who prepared the audit, transmitting the same to the chairman, finance committee, board of commissioners of roads and revenues, states: "In accordance with your request, we have prepared a report for the purpose of presenting information requested by Mr. Ronald Ransom, of the Fulton National Bank of Atlanta, Ga." In no event does this audit amount to a binding restriction upon the discretion of the board of county commissioners. The commissioners may procure such audits or any other information deemed beneficial, but after all it is the judgment and discretion of the county board which must prevail.

*Judgment affirmed. All the Justices concur.*

No. 9508. JUNE 17, 1933.

*C. N. Davie, J. F. Kemp, J. D. Tindall,* and *A. O. Randall,* for plaintiff.

*Charles B. Shelton, Ralph H. Pharr, Frank Carter,* and *Cam. D. Dorsey,* for defendants.