## JONES *v.* CITY OF FAIRBURN.

No. 12171.   June 25, 1938.   Rehearing denied July 12, 1938.

*G. Seals Aiken* and *William B. Jones,* for plaintiff.

*J. Wilson Parker,* for defendants.

Per Curiam. 1. The charter of the City of Fairburn (Ga. L. 1925, p. 1024) in section 29 requires owners "to make return" of all their property in the city for the purpose of taxation "at the fair market value," and if they fail to make such return the mayor and council or the tax-assessors "have the right to assess said property for taxation," and also "assess a penalty" of ten per cent. for failure to make return. In section 34 of the charter the board of tax-assessors is authorized to scrutinize tax returns, and if it finds the property returned below its "true value" it is authorized to assess the true value. The said board is also authorized to "assess the value of all property in said city not returned for taxation." After any assessment, it is the duty of the city clerk to notify the taxpayer of the amount of the assessment, which notice shall be in writing and served by the marshal, or by mail, and "said taxpayer shall have the right to appeal to the mayor and council the assessment made against him; and if the said taxpayer is dissatisfied with the decision of the mayor and council upon such assessment, he shall have the right to have such assessment arbitrated as is now provided for arbitration of tax returns to the State and County, and the decision of the arbitrators so selected

494

shall be final both as to said city and the taxpayer." These provisions of the charter authorize assessment for taxation without notice to the owner of unreturned property and also property that is returned at a value deemed by the city to be too low, but require notice to the owner after the assessment. They also afford the owner right to a hearing on appeal to the mayor and council, and a second hearing before a board of arbitrators before the assessment shall be finally binding.

2. This was an application for injunction to prevent enforcement of certain executions issued by the City of Fairburn for municipal taxes. A demurrer to the petition was based on general and special grounds. The court did not render a separate judgment on the demurrer, but, after the conclusion of the evidence and argument by the attorneys, refused an interlocutory injunction. *Held,* that there was no abuse of discretion in that ruling, there being no allegation in the petition that plaintiff had no notice of the assessment.

3. The case differs from *Lane* v. *Unadilla,* 154 *Ga.* 577 (2) (114 S. E. 366), cited by the plaintiff in error, in which there were no such charter provisions as are now involved.

*Judgment affirmed. All the Justices concur except Russell, Chief Justice, who dissents, and Hutcheson, Justice, disqualified.*