STUART *v.* ATLANTA TITLE & TRUST COMPANY *et al.*

No. 13080.   NOVEMBER 20, 1939.   REHEARING DENIED DECEMBER 5, 1939.

*Houston White* and *David Gershon,* for plaintiff.

*Tye, Thomson & Tye,* for defendants.

REID, Chief Justice.   "No cause shall be carried to the Supreme Court . . upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto."   Code, § 6-701.   The present writ of error does not measure up to the requirement of this section, and must be dismissed as premature.   Mrs. Margaret B. Stuart filed suit in the superior court against the Atlanta Title and Trust Company, individually and as the duly appointed guardian of the person and property of Mrs. Margaret Stuart Adams, Mrs. Margaret Stuart Adams, and against the Bank of New York and Trust Company. Avoiding unnecessary detail, it is sufficient for this decision to state that the plaintiff alleged, in substance, that certain property, belonging to her had been administered by the defendants as the property of Mrs. Adams, which conduct the plaintiff claimed amounted to a conversion of this property.   She prayed for a judgment against each of the defendants for the value of the property thus converted.   It was alleged that Mrs. Adams had been adjudged insane by the ordinary of Fulton County, and, though she is a resident of Fulton County, she has been placed in a sanitarium in the State of Maryland by the defendant guardian; that the plaintiff is informed and believes, and so charges, that the guardian intends to keep her at this institution for the rest of her life; and "that, in order to secure service on defendant Mrs. Margaret Stuart Adams personally, as required by law, it is necessary that this court

order the Atlanta Title and Trust Company to bring their ward . . into Fulton County, Georgia, in order that the sheriff of said county can serve a copy of this suit and process thereon upon her personally." The plaintiff accordingly prayed that rule nisi issue, calling on the guardian to show cause why it should not be so ordered. The rule nisi was issued, and on the hearing the judge entered an order denying the prayer, to.which order exceptions were taken.

This was merely an interlocutory judgment refusing to order the guardian to bring the ward within the jurisdiction of the court, and it is not such·a final judgment as will support a direct bill of exceptions. *Wester* v. *Cairo Banking Co.,* 163 *Ga.* 311 (135 S. E. 925). The case appears to be in exactly the same status that it was before this judgment, entirely unaffected thereby. It is possibly true, as affirmed by the plaintiff in her pleadings, but denied in the argument here, that in order for the ward to be personally affected by a judgment on a valid cause of action against her, it is necessary that she be served personally (*Scott* v. *Winningham,* 79 *Ga.* 492, 4 S. E. 390; *Elliott* v. *Keith,* 102 *Ga.* 117, 49 S. E. 125), and that if service is not so perfected the case will be dismissed as to the Atlanta Title and Trust Company in its representative capacity, thus terminating the case as to a material party thereto; but this result will be reached because of the lack of service on the ward, and not because the judge refused to order the guardian to bring the ward into Fulton County. When such final and decisive action is taken in the case, a writ of error will lie. Leave is granted to file the bill of exceptions as exceptions pendente lite in the court below.

*Writ of error dismissed, with direction. All the Justices concur, except Atkinson, P. J., disqualified.*