KENT *et al.* v. MURPHEY *et al.*

WYATT, Justice. Mrs. Martha W. Kent and others filed in the Superior Court of DeKalb County a bill to enjoin the defendants in their official capacity as Commissioners of the City of Decatur from making any levies or collecting any taxes for the year 1950 on the basis of a digest which was alleged to be illegal and void. The plaintiffs brought the action as citizens and taxpayers of the City of Decatur. The petition alleged, among other things, that under the charter provisions of the

City of Decatur, it is the duty of the commissioners to assess, levy, and collect an ad valorem tax on real and personal property owned by the citizens of the City of Decatur which may be subject to taxation. It was further alleged that, before assessing said property for taxation and fixing the rate as the basis for assessment, the defendants are required to receive from the Board of Tax Assessors of the City of Decatur a tax digest for each year, which digest must be approved by the defendants. It was further alleged: that, at a meeting of the board of commissioners, held on February 14, 1950, they sought to set up a digest which had been made from figures derived from outside sources and which had not been prepared by the board of tax assessors; and that at said time the board of tax assessors had made no return of any assessment to the board of commissioners. The petition further charged: that, at this meeting, the defendants inquired of Hoyle Nichols, the chairman of the board of tax assessors, whether or not said board would accept the proposed tax digest which had not been prepared or set up by the board of tax assessors; and that the said Nichols informed the defendants that the tax assessors would not accept said digest as set up by said outside sources, and proposed by said defendants as commissioners. It was further alleged: that the commissioners then inquired of the said Nichols whether or not the board of tax assessors had prepared a tax digest to submit to the commissioners, to which inquiry the said Nichols replied that the board of tax assessors had not had time to make up a digest; that the said Nichols was then asked by one of the commissioners if he would be able to submit a digest which would raise sufficient money to meet the purposes of the city budget, to which he replied that he could not, that the only increase he could conscientiously suggest would be fifteen percent increase over the 1949 digest, plus new ad valorem taxes of approximately $1,000,000 and new personal property taxes of approximately $500,000. It was further charged that, upon being urged to furnish some figures upon which the commissioners might set up a digest, the said Nichols submitted a bulk figure, but stated that the figures submitted were merely an estimate. It was alleged: that, after this colloquy between members of the board of commissioners and the said Nichols, the defendants then proceeded to pass a resolution to the effect that "The Board of Commissioners accept the tax digest for the City of Decatur for the year 1950, as submitted by the board of tax assessors, in compliance with the provisions of the charter of the City of Decatur"; and that, pursuant to the said resolution, said defendants then proceeded to assess the properties of petitioners and other citizens of the City of Decatur, and are preparing to levy and collect taxes on the basis of said resolution. It was alleged: that said assessment is absolutely null and void, in that the defendants failed to obtain from the board of tax assessors of the City of Decatur a digest setting forth the true and correct values of the properties located within the city and subject to taxation, but, on the contrary, the defendants arbitrarily attempted to set up a digest without having complied with the provisions of the charter providing a method for the assessment and collection of taxes; and that, by reason of the failure of the defendants to comply with the said charter provisions, they are without legal authority to

enforce the payment of any taxes under said purported digest. . The petition charged that, if the defendants are allowed to proceed with the collection of taxes under said illegal resolution, it will amount to a denial of due process in violation of section I, article I, paragraph III, of the Constitution of the State of Georgia. It is alleged that the petitioners are without legal remedy to protect themselves from the unauthorized and illegal collection of the said taxes; and that they are, therefore, entitled to equitable relief. The court, after a hearing, sustained the general demurrer and dismissed the petition, making no ruling on the special demurrers. The case is before this court on exceptions to the judgment of the trial court sustaining the defendant's general demurrer. *Held*:

"The general rule is that no injunction will lie to interfere with the collection of taxes. Code of 1933, § 92-7901." *Candler* v. *Gilbert,* 180 *Ga.* 679, 682 (180 S. E. 723). "Before enjoining such taxation and incurring the possibility of embarrassing the progress of county government, the law and the facts must be such as to clearly require such action." *McCrory Co. of Georgia* v. *Board of Commissioners of Fulton County,* 177 *Ga.* 242, 243 (170 S. E. 18). "The purposes for which these taxes are levied seem lawful, and the general system of taxation and amount of money to be raised thereby appear proper in view of the obligations of the city; in such cases, courts should be slow to stop the wheels of municipal government, and throw its affairs into anarchy." *Johnston* v. *Mayor &c. of the City of Macon,* 62 *Ga.* 645 (8). Construing the pleadings in the instant case most strongly against the pleader, as must be done, it appears that the board of tax assessors did submit to the Commissioners of the City of Decatur a tax digest, but it is contended that the digest was not properly prepared and submitted. The charter of the City of Decatur (Ga. L. 1909, p. 776) provides that any person dissatisfied with any assessment made by the board of assessors may appeal to the mayor and council. The petition is silent as to whether or not this was done. The petition is also silent as to whether or not the taxpayers, petitioners in the court below, had notice of the assessment, and whether or not they appeared in response to such notice. On the question of failure to allege whether or not notice was given, see *Jones* v. *City of Fairburn,* 186 *Ga.* 493 (198 S. E. 216), and *Savannah Beach* v. *Lynes,* 200 *Ga.* 26 (35 S. E. 2d, 912). The petition does not allege that the tax assessments, the basis of the levy, were excessive; that they were not uniform; that the valuation was not fair; or that there is anything illegal, or even wrong, with the tax levy sought to be enjoined other than that the digests were not prepared by the board of tax assessors as the plaintiffs in error contend they should have been. Under this state of facts, the plaintiffs in error were not deprived of their constitutional rights as contended, and the trial court did not commit error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

No. 17374. MARCH 13, 1951.

710

*Howard, Tiller & Howard,* for plaintiffs.
*B. Hugh Burgess,* for defendants.