## McFall v. Griffin et al.

Wyatt, Justice. Ralph L. Griffin and Howard P. Griffin filed an equitable petition against Gertrude E. McFall et al. The sheriff made the following entry of service: "I have this day served the defendant, Mrs. Gertrude E. McFall with a copy of the within petition and process by leaving the same at her residence in the most notorious place of abode in said county." Thereafter, Mrs. McFall filed her traverse to the entry of service, in which she alleged that she was not a resident of Floyd County, Georgia, but that she was a resident of Volusia County, Florida, and "that this defendant was never legally served." The trial court entered the following judgment upon the traverse: "After hearing evidence, the court finds against the within traverse, and it is adjudged that the same is denied, and that the said defendant, McFall, has been duly served in this case." Thereafter, Mrs. McFall filed her bill of exceptions to the Court of Appeals of Georgia, complaining of the judgment on the traverse. The bill of exceptions was dismissed by the Court of Appeals. Thereafter, she filed her motion in the trial court, seeking to dismiss the original petition on the ground that the action was one in equity and showed on its face that service was not perfected as required by law, in that it was only served at the most notorious place of abode. The trial court overruled this motion. The exception here is to that judgment. *Held:*

The traverse to the entry of service raised the question that the plaintiff in error "has never been legally served." The judgment on the traverse contained the language, "said defendant, McFall, has been duly served in this case." The bill of exceptions complaining of the judgment was dismissed by the Court of Appeals. Consequently, this ruling became the law of the case, and must now be sustained. The allegation in the traverse to the effect that plaintiff in error "has never been legally served" was sufficiently broad to cover all questions as to the legality of the service. The language in the judgment on the traverse, to wit: "said defendant, McFall, has been duly served in this case," is sufficiently broad to cover all questions about service. This ruling has become the law of the case, and can not now be questioned by this court or anyone else. See *Gillion* v. *Massey*, 41 *Ga.* 222; *Wilson* v. *Missouri State Life Ins. Co.*, 184 *Ga.* 184 (190 S. E. 552); *Anderson* v. *Rheney*, 152 *Ga.* 418 (110 S. E. 164); *Wester* v. *Cairo Banking Co.*, 165 *Ga.* 185 (140 S. E. 359); and *Shirling* v. *Hester*, 201 *Ga.* 706 (40 S. E. 2d, 743). It follows from what has been said above, the judgment complained of was not error.

*Judgment affirmed. All the Justices concur.*

No. 17819. Argued April 14, 1952—Decided May 13, 1952.

*Hicks & Culbert,* for plaintiff in error.

*Griffin & Griffin, Leon &.Dean Covington, M. Neil Andrews* and *Clinton J. Morgan,* contra.