18530, 18541.   GAULDING *et al. v.* GAULDING *et al.;*
and *vice versa.*

Argued March 8, 1954—Decided April 14, 1954—
Rehearing denied May 13, 1954.

R. Howard Gordon, Susan H. Brown, Rupert A. Brown, for plaintiffs in error.

C. O. Baker, Robert E. Gibson, contra.

SUTTON, Justice. When the bill of exceptions, assigning error on the decree of October 2, 1952, which revoked the decree of September 1, 1952, and construed item 6 of the will of Mrs. Julia A. Gaulding as passing a fee-simple estate in the bonds in question to Geneva Gaulding, was dismissed by the Supreme Court as having been prematurely brought (*Gaulding* v. *Gaulding*, 209 *Ga.* 456, 74 S. E. 2d 9), no exceptions pendente lite having been filed to said decree, such decree of October 2, 1952, became the

law of the case in this respect. *West* v. *Standard Accident Ins. Co.*, 176 *Ga.* 755 (168 S. E. 766); *McFall* v. *Griffin*, 209 *Ga.* 83 (70 S. E. 2d 772). Furthermore, "where during the progress of a trial exceptions pendente lite are filed to rulings of the judge, and after a final judgment is rendered the cause ·is brought to this court for review, and the judgment is reversed, resulting in a new trial; and where after a new trial is had the case is, upon another writ of error, brought to this court, it is too late in the last bill of exceptions to complain of errors alleged to have been committed previous to the issuing of the first writ of error." *Hodgkins* v. *Marshall*, 102 *Ga.* 191 (29 S. E. 174); *Williams Realty &c. Co.* v. *Simmons*, 188 *Ga.* 184 (4) (3 S. E. 2d 580); *Albany Federal Savings &c. Assn.* v. *Henderson*, 200 *Ga.* 79 (1) (36 S. E. 2d 330); *Drischel* v. *Drischel*, 51 *Ga. App.* 97 (1) (179 S. E. 577); *Wilson-Weesner-Wilkinson Co.* v. *Collier*, 62 *Ga. App.* 457 (1) (8 S. E. 2d 171). What is said above is true irrespective of the act approved December 22, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 453), abolishing exceptions pendente lite.

Applying the above-stated principles to the facts of the present case, the decree of October 2, 1952, which construed item 6 of the will of Mrs. Julia A. Gaulding as devising to Geneva Gaulding a fee-simple estate in the Government bonds therein referred to, whether right or wrong, became the law of the case. *Langston & Crane* v. *Anderson*, 69 *Ga.* 65; *Cannon* v. *Central of Ga. Ry. Co.*, 111 *Ga.* 837 (36 S. E. 99); *Citizens & Southern Nat. Bank* v. *Clark*, 172 *Ga.* 625 (158 S. E. 297).

Accordingly, the trial judge erred, as complained of in the main bill of exceptions, in entering a final decree construing item 6 of the will as devising a life estate in said Government bonds to Geneva Gaulding. In this view it becomes unnecessary to pass upon other questions raised in the main bill of exceptions.

Regardless of whether the trial judge erred as complained of in the cross-bill of exceptions, it does not appear that the defendants in error were injured by any of the rulings there complained of to which timely exceptions were made.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill of exceptions. All the Justices concur.*