19521. Hutchins *et al.* v. Williams, Commissioner, etc., *et al.*

Duckworth, Chief Justice. 1. Since the writ of error is to review a judgment, under authority of Code (Ann. Supp.) § 6-903 (Ga. L. 1946, pp. 726, 735; 1953, Nov.-Dec. Sess., pp. 279, 280) and Code § 55-202, wherein the lower court refused to grant a temporary injunction, which is different from a review of a final judgment under Code (Ann. Supp.) § 6-701 (Ga. L. 1890-91, p. 82; 1946, pp. 726, 730; 1953, Nov.-Dec. Sess., pp. 440, 455), the defendants' (defendants in error) failure to except by direct bill or cross-bill of exceptions to the overruling of the general demurrer to the petition does not establish the law of the case to be that the petition alleges a cause of action, as contended by the plaintiff in error. See Code (Ann. Supp.) § 6-905 (Ga. L. 1953, Nov.-Dec. Sess.,

pp. 440, 453); *Mechanics' & Traders' Bank of Rome* v. *Harrison*, 68 *Ga.* 463; *Hodgkins* v. *Marshall*, 102 *Ga.* 191 (29 S. E. 174); *Thompson* v. *Thompson*, 124 *Ga.* 874, 875 (53 S. E. 507); *Moody* v. *Cleveland Woolen Mills*, 133 *Ga.* 741, 745 (66 S. E. 908); *Williams Realty &c. Co.* v. *Simmons*, 188 *Ga.* 184, 185 (4) (3 S. E. 2d 580); *Gaulding* v. *Gaulding*, 210 *Ga.* 638, 642 (81 S. E. 2d 830); *Cook County* v. *Thornhill Wagon Co.*, 186 *Ga.* 835, 836 (199 S. E. 117); *Shoaf* v. *Bland*, 208 *Ga.* 709, 710 (69 S. E. 2d 258). And for the same reason the exceptions as to the rulings on the special demurrers are premature and will not be considered. *Shoaf* v. *Bland*, 208 *Ga.* 709 (supra); *Ray* v. *Ray*, 208 *Ga.* 733 (2) (69 S. E. 2d 261); *Malcom* v. *Webb*, 209 *Ga.* 735 (75 S. E. 2d 801); *Roughton* v. *Thiele Kaolin Co.*, 211 *Ga.* 15 (83 S. E. 2d 590).

2. The granting and continuing of injunctions always rest in the sound discretion of the judge, and this power shall be prudently and cautiously exercised, particularly when a whole year's finances of a political subdivision are involved, unless the law and the facts clearly demand such action. See Code § 55-108; *Wayne* v. *City of Savannah*, 56 *Ga.* 448; *Hawkins* v. *Intendant, etc., of Jonesboro*, 63 *Ga.* 527; *City Council of Augusta* v. *Pearce*, 79 *Ga.* 98 (4 S. E. 104); *Everett* v. *Tabor*, 119 *Ga.* 128 (46 S. E. 72); *McCrory Co.* v. *Board of Commrs. &c. of Fulton County*, 177 *Ga.* 242, 243 (170 S. E. 18); *Kent* v. *Murphey*, 207 *Ga.* 707, 709 (64 S. E. 2d 49).

3. The mere fact that property had been assessed for taxes at a certain value after arbitration, under Code § 92-6912, in a previous tax year, would not prevent the taxing authorities from fixing the valuation different for a succeeding year from that reached by the arbitrators, even though no improvements had been made on the property since the arbitration.

4. The duties placed on the Board of Tax Assessors to require all property in a county to be returned for taxes at a just and fair valuation, and that the valuation as between individual taxpayers be justly and fairly equalized, does not require the members thereof to use any definite system or method, but demands only that the valuations be just and fair, and the failure to use any particular system, method, cadastral survey, book, or other instruments to derive values used in the past would not in any way render void the valuations placed on said property by the assessors. See Code §§ 92-6911, 92-6913; *Hutchins* v. *Candler*, 209 *Ga.* 415 (2) (73 S. E. 2d 191); *Hutchins* v. *Howard*, 211 *Ga.* 830 (89 S. E. 2d 183).

5. The requirement that the assessors fix the just and fair valuation of a taxpayer's property and make a note thereof and attach it to the return, of any increase or decrease, under Code § 92-6911, does not require any fixed system of doing so, such as attaching a separate memorandum. When this change is made by pencil note on the taxpayer's return itself, the law is satisfied.

6. The mere fact that many increases have been made throughout the county does not render the method of valuation null and void as being a scheme to increase revenue and inflate the digest to increase the bonded indebtedness of the county.

7. While one of the assessors fails to act for some reason such as the reduc-

tion of his salary, the use of a county automobile taken from him, or for some other reason, this would not render the board illegally constituted when the majority of the board acts.

8. The evidence fails to present any basis in fact for the allegations of the petition of collusion or conspiracy, domination of the assessors by other officials, or an arbitrary or illegal attempt on the part of the officials of DeKalb County to raise valuations on property in the county for the purpose of increasing revenue and inflating the tax digest illegally. Nor is there any evidence shown of violations of Code Chapter 92-69 as amended, which would require such valuations as made by the Board of Tax Assessors to be declared null and void. Hence, the court did not err in refusing to grant an interlocutory injunction and in revoking the temporary restraining order.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1956—DECIDED DECEMBER 5, 1956.

*Sam A. Allen, James R. Venable,* for plaintiff in error.
*George P. Dillard, W. Dan Greer, M. H. Blackshear, Jr.,* contra.