36778. ROBERTS *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

DECIDED JULY 9, 1957—REHEARING DENIED JULY 23, 1957.

*H. G. Rawls, Burt & Burt, H. P. Burt,* for plaintiff in error.
*Farkas, Landau & Davis, Leonard Farkas,* contra.

NICHOLS, J. 1. "A decision rendered upon a state of facts appearing in the record, in which the legal effect of those facts is declared, is in all subsequent proceedings in the case, a final adjudication of the rights of the parties, from which the court cannot depart, nor the parties relieve themselves, so long as the facts themselves appear without material qualification." *Blackwell* v. *Southland Butane Gas Co.,* 95 *Ga. App.* 113 (97 S. E. 2d 191). If no amendment had been filed in the present case, or if such amendment failed to meet those deficiencies which the Supreme Court held controlled the case adversely to the plaintiff, then it was necessarily the law of the case that the plaintiff's petition failed to withstand the defendant's demurrer.

The right of the plaintiff to offer these amendments, if they cured the defects, cannot be questioned. "The demurrers to the petition had been overruled by the trial court. The reversal of the judgment by this court left the case still pending in the lower court subject to valid amendments before the judgment of this court was made that of the trial court." *Southeastern Stages* v. *Abdella,* 77 *Ga. App.* 772, 777 (50 S. E. 2d 85); *State Farm &c. Ins. Co.* v. *Davis,* 92 *Ga. App.* 629 (89 S. E. 2d 566). Accordingly, the question for decision is whether the petition as amended set forth a cause of action against the defendant railroad.

2. The defendant contends that the plaintiff is attempting by

amendment to change an action for a breach of contract to an action for a tort. This contention is without merit, because the Supreme Court in its decision (*Central of Ga. Ry. Co. v. Roberts*, 213 *Ga.* 135, supra), only held, *under the allegations of the petition as they were then constituted,* that the plaintiff should have let the train pull out and leave him and then sue for a breach of contract if he could. This holding is not a holding that the plaintiff's petition as it was then constituted was an action on a contract and not an action for a tort.

3. The decision of the Supreme Court, supra, held that under the allegations of the petition, as they were constituted at the time the case was before that court that the plaintiff could not recover because he was aware of every act of alleged negligence before he started running alongside the train, and that he therefore assumed the risk which, under the allegations of the petition, caused his injury. It was not held that the plaintiff could not recover for any negligence on the part of the defendant in connection with the encasement box, but it was held that no negligence in connection with this box was alleged and therefore any such negligence that the defendant may have been guilty of in connection with such box could not aid his otherwise defective petition.

The plaintiff's petition as amended was sufficient to withstand the defendant's general demurrer, a question for the jury's consideration was set forth, and it was error for the trial court to sustain the demurrers to the amendment and thereafter to sustain the defendant's general demurrer.

4. The remaining grounds of demurrer are either controlled adversely to the defendant by that part of the decision of this court in *Central of Ga. Ry. Co. v. Roberts,* 94 *Ga. App.* 600, 611, supra, which was not reversed by the Supreme Court on certiorari, or are otherwise within themselves necessarily without merit. Accordingly, the judgments of the trial court disallowing the plaintiff's amendments and sustaining the defendant's demurrers must be reversed.

*Judgments reversed. Felton, C. J., and Quillian, J., concur.*