## 19852. CENTRAL OF GEORGIA RAILWAY CO. *v.* ROBERTS.

CANDLER, Justice. The plaintiff in this litigation was allegedly injured while attempting to board a moving passenger train which the defendant operated. When it was before this court previously on certiorari to the Court of Appeals, the alleged acts of negligence were fully summarized in an opinion prepared for the court by Mr. Justice Hawkins, and it was then held that they did not state a cause of action for the relief sought, namely, damages. It was there pointed out that the Court of Appeals had held that certain allegations of the petition, not pleaded as negligence, were sufficient to state a cause of action for the relief sought. When the case was returned to the trial court, and before the remittitur was made the judgment of that court, the plaintiff amended his petition and alleged that the pleaded facts which the Court of Appeals had held were sufficient to charge actionable negligence were acts on which he based his right to recover. The trial judge sustained a general demurrer to the petition as amended and dismissed it. The plaintiff excepted, and again carried his case to the Court of Appeals, and that court reversed the judgment on which error was assigned. *Roberts* v. *Central of Georgia Railway Co.,* 96 *Ga. App.* 266 (99 S. E. 2d 564). On application therefor, this court granted the writ of certiorari to review the judgment rendered by the Court of Appeals. *Held:*

1. There is no merit in the motion to dismiss this case on the ground that the writ of certiorari was improvidently granted.
2. The amended petition, like the original petition, alleges that the plaintiff purchased a ticket from the defendant for his transportation on one of its trains from Albany to Macon, Georgia; that he informed the defendant's ticket agent that he was wholly ignorant as to train travel; that he was in-

structed by such agent to go to a particular track at a specified time, and he would be put on the proper train; that he went to the place he was told to go and at the specified time; that, after the train he was to ride came into the station, he approached an agent and employee of the defendant and asked him if that was the train he was to get on; that he was told by such agent and employee to go back where he was standing and they would put him on the train after they finished some switching operations; that, after they did not offer to put him on the train or open the doors on the side of it where he was standing, and after the train had started to depart from the station, he left the place where he was standing and ran along the east side of the moving train in the nighttime with his suitcase in one hand and knocked on the door of the train in an effort to have someone open the door so he could board the train; that there were no lights in the station where he was except those in the coaches of the moving train; that, while so running along the side of the train, he tripped over a metal box which was concealed by grass and about three inches higher than the level of the ground and which the defendant maintained; and that he fell when he tripped and sustained a specified permanent injury. Among other alleged negligent acts, the amended petition alleges that the defendant was negligent in failing to provide appropriate instructions for his safety in boarding the train; in failing to supervise him while boarding its train; in failing to give him proper directions how to get on the train, knowing him to be ignorant with reference thereto; in failing to instruct and direct him to the place where he should board the train; and in failing properly to supervise his safety in boarding the proper train for his transportation according to the terms of the ticket which he had purchased. When this court considered the original petition, it was held that its allegations clearly showed that the plaintiff was put in a place of safety by the alleged employees of the defendant; that if he had remained there, he would not have sustained the injury complained of; and that, if he relied on the promise to put him on the train, he should have remained where he was placed and on being damaged by missing his train, brought suit on the breached contract if he could have done so. See *Central of Ga. Ry. Co.* v. *Roberts*, 213 *Ga.* 135 (97 S. E. 2d 149), and the cases there

cited. The amended petition, like the original petition, clearly shows that the defendant's employees put the plaintiff in a place of safety; that he would not have sustained the injury complained of had he remained there; and that he relied on their promise to put him on the train before it started to leave the station. Hence, the ruling previously made in the instant case by this court fixed the law of the case, and the Court of Appeals, like this court, is bound by that ruling. See *Gaulding* v. *Gaulding,* 210 *Ga.* 638 (81 S. E. 2d 830), and citations. The judgment rendered by the Court of Appeals is therefore erroneous.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., and Mobley, J., who dissent.*

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*Farkas, Landau & Davis,* for plaintiff in error.

*H. G. Rawls, Hilliard P. Burt, Burt & Burt,* contra.

MOBLEY, Justice, dissenting. The basis upon which this court in its previous decision (*Central of Ga. Ry. Co.* v. *Roberts,* 213 *Ga.* 135) held that the plaintiff's petition did not state a cause of action was that "The acts of negligence on the part of the defendant's alleged employees put the plaintiff in a place of safety, and had he remained there, he would not have received the injury complained of," and that "all of the acts of negligence alleged against the defendant had already taken place prior to the time the train began to move, and were clearly apparent and well known to the plaintiff at the time he began running along the side of the train, which voluntary act on his part caused him to trip, fall, and be injured. It thus appears that the plaintiff, by the exercise of ordinary care, could have avoided the consequence of the defendant's alleged negligence."

Count 2, which was added to the petition by amendment after rendition of the previous decision, alleges as an act of negligence the maintenance of the metal encasement box in the loading zone. This is not an act of negligence which had occurred prior to the time the plaintiff was put in a place of safety, and which was "clearly apparent and well known to the plaintiff at the

time he began running along the side of the train." Therefore, the conclusion reached by the majority in this case, that "the ruling previously made in the instant case by this court fixed the law of the case, and the Court of Appeals, like this court, is bound by that ruling," is clearly erroneous. It did fix the law of the case on the petition as it stood at the time, but not on the petition as amended. Count 2 states a cause of action, and in my opinion the majority is in error in reversing the decision of the Court of Appeals.