20521. MOSELEY *v.* FARGASON, Tax Commissioner, *et al.*

ARGUED JUNE 8, 1959—DECIDED JULY 8, 1959.

*James M. Newsom, Jr., Walter E. Baker, Jr., Charles H. Hyatt,* for plaintiff in error.
*Ernest M. Smith, Ray M. Tucker,* contra.

WYATT, Presiding Justice. 1. The granting and continuing of injunctions shall always rest in the sound discretion of the trial judge. *Hutchins* v. *Williams,* 212 *Ga.* 754 (2) (95 S. E. 2d 674); Code § 55-108; *Kent* v. *Murphey,* 207 *Ga.* 707 (64 S. E. 2d 49). Therefore, if the plaintiffs in error are entitled to a reversal of the judgment of the court below, the record must show that there was no evidence to support the judgment rendered.

Without here setting out all of the evidence in this record, a summary of the evidence will be sufficient to show that the judgment entered was based upon sufficient evidence. While it is not disputed that most of the valuations that were raised were in the northern part of the county, which incidentally is the portion of the county nearest Atlanta and Decatur, there was evidence which authorized the trial judge to find that property values in this section of the county had been increasing rapidly because of the development of new roads, including some of the expressway system, and because of the change from predominantly agricultural to predominantly residential use of the land. The tax assessors testified that they had not begun any reappraisal of all the property in Henry County for the purpose or raising taxes, but were simply trying to equalize tax values in the northern section where they had gotten most out of line. The county treasurer and the county school superintendent, called as witnesses for the petitioners, testified that there had been no conversations by them with the tax assessors with reference to raising taxes. The tax assessors testified to the same effect. The tax assessors testified that they reviewed all of the property in the county and tried to place a valuation of 25% of its "normal value"; that they treated every piece of property the same way. While this is not all of the evidence favorable to the judgment rendered, and while some of this evidence may have been contradicted by evidence of the plaintiffs in error, the evidence here set out is sufficient to show that the trial judge was authorized to find that there had been no discrimination against the plaintiffs in error and others similarly situated in the reappraisal of their property, but that the tax assessors simply undertook to the best of their ability to equalize tax values throughout the county, which it was their duty

to do. It therefore follows there was no abuse of discretion in denying the injunction.

*Judgment affirmed. All the Justices concur.*