42422. WHITEHEAD et al. v. HENSON et al.

ARGUED NOVEMBER 8, 1966—DECIDED JANUARY 6, 1967—
REHEARING DENIED JANUARY 24, 1967—

*A. Tate Conyers,* for appellants.
*Harold Sheats, J. C. Murphy, Charles M. Lokey,* for appellees.

FELTON, Chief Judge. It is the duty of the board of tax assessors to receive and inspect the tax returns and to assess and fix the "just and fair valuation" to be placed on property when, in their opinion, the taxpayer has failed to do so. *Code Ann.* § 92-6911 (Ga. L. 1937, pp. 517, 519). The taxing authorities are not prevented from increasing the valuation by the fact that the property has been returned for a lower valuation in the past and that there have been no improvements thereon, or that no particular fixed system was used to derive the valuation, as long as there is a just and fair valuation and the valuation as between individual taxpayers is justly and fairly equalized. *Hutchins v. Williams,* 212 Ga. 754 (95 SE2d 674); *Code Ann.* § 92-6911. The board of arbitrators provided for in *Code Ann.* § 92-6912 (Ga. L. 1913, pp. 123, 127, as amended) are not vested with authority to determine questions of taxability, but are limited to a review and determination (or assessment, in the words of the statute) of *values* respecting the property assessed for taxation. *Montgomery v. Suttles,* 191 Ga. 781 (2) (13 SE2d 781). The "value" to be thus established is that at which all property is required by *Code* § 92-5701 (Ga. L. 1909, p. 72) to be returned for taxation, i. e., market value, as defined by *Code* § 92-5702 (Ga. L. 1909, p. 75). As pointed out in *Montgomery v. Suttles,* supra (2 b), assumption of jurisdiction by the board of arbitrators over anything more than the assessment of mere (fair market) value would involve power to pass on intricate questions of law (not intended by the statutory law relating to assessment of property, and arbitration of such assessments).

Consequently, the portion of the arbitrators' award which exceeded their statutory function was void and not binding on the taxing authorities. The board was authorized in using the arbitrators' finding of the valuation of the property, applying thereto the customary tax rates, and in rejecting the arbitrators' unauthorized assessment of the amount of taxes due. Inasmuch as the petition fails to show that the board and the other defendants exceeded their statutory authority and discretion, it fails to state a cause of action for any of the relief

sought; therefore, the court did not err in its judgment sustaining the general demurrer to the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*